CHARLES W. LAWRENCE, Appellant, *v.* PATRICK FARLEY, Impleaded, etc., Respondent.

The granting of an order opening a judgment taken by default is in the discretion of the court below, and in the absence of evidence of an abuse of this discretion such order is not reviewable here.

The fact that while the provision of the new Code (sec. 190), in reference to appeals to this court, expressly excludes from review orders resting in discretion, made during the pendency of an action, no such exclusion is expressed as to such orders made after judgment, does not make the latter appealable.

The reason for not entertaining appeals from orders resting in discretion is not founded upon the express restrictions of the Code, but upon the character of the jurisdiction of this court, which is confined to the review of questions of law, except where otherwise expressly authorized.

An appeal, however, from an order made after judgment, is expressly pro-vided for by section 1337, which declares in substance that such appeals bring up for review only questions not resting in discretion.

As to whether such an order is a final one or affects a substantial right, *quære.*

(Argued March 19, 1878 ; decided March 26, 1878.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, affirming an order of

Special Term opening a judgment taken by default in a fore-closure suit, so far as it affects the defendant Farley.

The facts appear sufficiently in the opinion.

*Chas. N. Black*, for appellant.

*Samuel Hand*, for respondent.

RAPALLO, J. The order made at Special Term in this case opened a judgment entered against the defendants in 1862, upon default in not appearing or answering, so far as to let the respondent in to answer and defend. By the judgment, the defendant Farley was adjudged liable for a deficiency arising on a sale of mortgaged premises. The judgment was not docketed until April, 1874, and, as the defendant Farley swears, was brought to his notice only a few days before he made the present application, in December, 1876.

The sufficiency of the excuse given by the defendant for suffering the default, and the propriety of granting him the relief which he asked, were matters within the discretion of the court below, and the case discloses no abuse of such discretion.

But the counsel for the appellant contends that under the provisions of the Code of 1877 (sec. 190, subd. 3), the order is appealable to this court, even though resting in discretion, and his argument is, that inasmuch as subdivision 2 of the same section expressly excludes from review orders made during the pendency of the action, if they rest in discretion, and no such exclusion is provided for in subdivision 3 as to orders made after judgment, it was not the intention to qualify the right of appeal from the last-mentioned orders.

We think that even were there no other provision on the subject in the Code of 1877 than those cited above, the claim of the appellant would be untenable. The same argument might have been made under the former Code. Moreover, we have held that the reason for not entertaining appeals

from orders resting in discretion was not founded upon the express restrictions of the Code, but upon the character of the jurisdiction of this court, which is confined to the review of questions of law, except where specially authorized. But the case is expressly provided for by section 1337 of the Code of 1877, which declares, among other things, that an appeal from an order made after judgment brings up questions not resting in discretion.

We do not intend to intimate that the order now appealed from is appealable in other respects, as being either final, or affecting a substantial right.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.