JACOB BAMBERG et al., Appellants, *v.* JACOB STERN, Respondent.

The Court of Common Pleas of the city and county of New York has no jurisdiction to entertain an appeal from an order of the Marine Court, except it be an order granting a new trial. (Old Code, §§ 34, 352, 354; § 9, chap. 545, Laws of 1874; § 43, chap. 479, Laws of 1875.)

The word "judgment," as used in the provision of the Code of Procedure (§ 34), conferring appellate jurisdiction upon the Court of Common Pleas, was used in its usual sense, and does not include determinations not resulting in judgments.

Accordingly, *held*, that an order of the General Term of the Marine Court, granting a perpetual stay of proceedings, was not appealable to the Common Pleas.

(Argued March 19, 1879; decided April 1, 1879.)

The nature of the appeal is stated in the opinion.

*Reginald Hart*, for appellants. The order appealed from was a final order, affecting a substantial right, made upon a summary application in an action after judgment and, as such, appealable. (Code, § 190, subd. 3; *Betts* v. *Garr*, 26 N. Y., 384; *Bennett* v. *Stevenson*, 53 id., 76; *Swartout* v. *Curtis*, 4 id., 416; *Cook* v. *The President*, 18 id., 229; *People* v. *N. Y. C. R. R. Co.*, 29 id., 30; *People* v. *N. Y. C. R. R. Co.*, 29 id., 442; *Martin* v. *The Winsor Hotel*, 70 id., 103; *Howell* v. *Mills*, 53 id., 329; *Edson* v. *Dillaye*, 17 id., 158; *Clark* v. *Dinehart*, 40 id., 342; *Humphrey* v. *Chamberlin*, 11 id., 274; *McGregor* v. *Comstock*, 19 N. Y., 582; *Thompson* v. *Bullock*, 16 How., 213.)

*William Strauss*, for respondent. The order granting a perpetual stay of execution was not appealable to the General Term of the Marine Court. (Code of Procedure, §§ 351, 352; Laws of 1875, chap. 545, § 9; Rev. Stat. [6th ed.], 299, § 67; Appendix to McAdam's Pr., 21; *Monroe* v. *Upton*, 50 N. Y., 593; *Edson* v. *Dillaye*, 17 id., 148; *Knowlton* v. *Pro. and N. Y. S. S. Co.*, 53 id., 76; *McGregor*

v. *Comstock*, 19 id., 481; *Dunlop* v. *Edwards*, 3 id., 341; Laws of 1872, chap. 629, § 10; 3 Rev. Stat. [6th ed.], 296, § 48; McAdam's Pr. [2d ed.], 247; *Dudley* v. *Mayhew*, 3 N. Y., 9; *Beach* v. *Nixon*, 9 id., 35; *People* v. *Marine Ct.*, 3 Abb. Pr., 309; *Hollister Bank* v. *Vail*, 15 N. Y., 593.)

ANDREWS, J. This is an appeal from an order of the General Term of the New York Common Pleas, affirming an order of the General Term of the Marine Court, which reversed an order of the Special Term of that court, denying a motion for a perpetual stay of execution on the judgment in this action, and granted the motion.

The determination of the Marine Court, from which the appeal to the Common Pleas was taken, was an order and not a judgment; (*Monroe* v. *Upton*, 50 N. Y., 593) ; and the point is taken *in limine* by the respondent's counsel, that no jurisdiction has been conferred upon or exists in the Court of Common Pleas to review upon appeal orders made by the Marine Court, but that its appellate jurisdiction, in respect to the determinations of that court, is confined to appeals from judgments only.

If this point is well taken, it will be our duty to reverse the order appealed from, without examining the merits. If the Common Pleas had no jurisdiction to entertain the appeal from the order of the Marine Court, its determination is a nullity, and the only province and power of this court, in the premises, is to set aside its unauthorized order.

On looking into the statutes governing the appellate jurisdiction of the Common Pleas, we do not find any authority vested in that court to review an order made by the Marine Court, except in a single instance, which will be referred to hereafter. With that exception, its appellate jurisdiction, in respect to the Marine Court, is confined to appeals from judgments rendered by the General Term of that court-Section 34 of the original Code, as amended in 1849, conferred upon the Court of Common Pleas, the " power to review the judgments of the Marine Court of the city of

New York and of the justices' courts of that city." This, so far as I have been able to find, was the first statute conferring upon the Common Pleas appellate jurisdiction over the Marine Court. Chapter 5, title 11, of the Code regulates appeals to the Common Pleas and to the county courts from inferior courts ; and on looking at the provisions in that chapter, and especially sections 352 and 354, it will be seen that they apply to appeals from judgments only, and that appeals from orders were not within the contemplation of the Legislature. It is quite plain that the word "judgments," in the 34th section, was used in its usual sense, and did not include determinations not resulting in judgments, as that term is used in the Code, and is generally understood.

This was the state of the law, in respect to appeals to the Common Pleas from the Marine Court, until the passage of the act chapter 545 of the Laws of 1874, the 9th section of which, after providing that the appeal from the General Term of the Marine Court, prescribed in section 352 of the Code, shall be from an actual determination at such General Term only, and shall be taken within twenty days after written notice of the judgment, proceeds as follows : "And an appeal may be taken in like manner from an order granting a new trial, provided the notice of appeal contain an assent," etc. This section contains the only authority in the statutes, which we have found, giving the right of appeal to the Common Pleas from an order of the Marine Court, and is confined to an appeal from an order granting a new trial. Section 43 of chapter 479 of the Laws of 1875, relating to the jurisdiction of the Marine Court, recognizes that appeals from the Marine Court to the Common Pleas may be taken in two cases, *first*, from judgments, and *second*, from an order granting a new trial ; and the inference is very strong, that in other cases no right of appeal exists. The 10th section of chapter 629 of the Laws of 1872 is also very significant of an intention on the part of the Legislature not to confer upon the Common Pleas jurisdiction of appeals from orders of the Marine Court. Chapter 617 of the Laws of 1853, § 5, gave

an appeal to the General Term of the Marine Court from a *judgment* entered by direction of a single judge, but made no mention of *orders*. The 10th section of the act of 1872 remedied this omission, and allowed an appeal from orders made by a single justice of the Marine Court, " but only to the General Term of the said Marine Court." The Code of Civil Procedure does not affect the question under consideration. I am brought, upon examination of the question, to the conclusion, that the Common Pleas had no jurisdiction of the appeal in this case ; and the order of that court is therefore reversed.

The effect of this, is to leave the order of the General Term of the Marine Court undisturbed ; but we pass no opinion upon the correctness of the order, upon the merits.

All concur.

Order reversed.