JAMES MULDOON et al., Respondents, v. WILSON H. BLACKWELL,
et al., Appellants.

It is too late for a defendant to claim for the first time, on appeal to this
court, that his answer contains a counter-claim which is admitted by not
being replied to. It should be insisted upon and the attention of the
court or referee called to it on trial, and if not allowed an exception
should be taken.

(Submitted January 24, 1881 ; decided February 8, 1881.)

THIS action was brought to recover for work and materials.
The answer alleged that the work was done and materials fur-
nished under a special contract, which plaintiffs failed to per-
form, and alleged damages to a sum specified for the failure to.
perform. No reply was served. It was urged upon the ap-
peal that the answer contained a counter-claim, which, by not
being replied to, was admitted.

The court say in reference thereto : " The answer is some-
what equivocal, and it is not entirely certain that the defend-
ants intended by their allegations to set up a counter-claim.
But whether they did or not, it is not now available to them.
They did not claim at the trial that any counter-claim was ad-
mitted. The case was tried and decided as depending entirely
upon the evidence given by the plaintiffs. If the claim had
been made that a counter-claim was set up in the answer, the

plaintiffs might have moved the court for leave to serve a reply, or have shown that a reply was in some way waived. The attention of the referee should have been called to the alleged counter-claim, and it should have been insisted on at the trial, and if not allowed, an exception should have been taken. It is too late for the defendants now for the first time, so far as appears in the case, to claim that their answer contains a counter-claim, which is admitted."

*W. T. Birdsall* for appellants.

*J. A. Shoudy* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.