In my opinion the decision of the court of appeals, in *Walker* agt. *Walker*, already cited as to the power of the supreme court to strike out the answer of a disobedient defendant in a divorce suit, is a statement of the law on the subject as it exists to-day, no less than of the law as it existed at the time the orders there in question were made.

A proper case for the exercise of the power is presented on this application, and the motion of the plaintiff should be granted.

---

## N. Y. COMMON PLEAS.

JAMES WALSH agt. CHARLES SCHULZ, impleaded, &c.

*Appeal — Discretionary orders made by the city court not appealable to the New York common pleas.*

The common pleas in reviewing orders upon appeals from the city court, like the court of appeals in reviewing orders on appeal from the superior city courts, decline to review the discretion exercised by the court below. Where the order involves a question of discretion in the court below it is, therefore, not appealable.

If an appeal be taken in such a case it will be dismissed.

*General Term, May,* 1884.

*Before* VAN BRUNT, VAN HOESEN *and* DALY, *JJ.*

APPEAL from an order of the city court, general term, affirming an order made by Mr. justice McADAM opening a judgment entered by default.

*J. H. Benn,* for appellant.

*Charles Wehle,* for respondent.

VAN HOESEN, *J.* — The language of section 3191 differs in some particulars from that of section 190, but the differences do not affect the matters under consideration. It is well set-

Walsh agt. Schulz.

tled that with respect to the marine court that the court of
common pleas occupies the same position that the court
of appeals holds with respect to the supreme court and the
superior city courts. The rules that govern the court of
appeals in passing upon appeals from the supreme and the
superior city courts are applicable to the court of common
pleas. This has been universally understood since the deci-
sion in *McEteere* agt. *Little* (8 *Daly*, 167) and *Schwartz* agt.
*Oppold* (74 *N. Y.*, 307). If, therefore, we ascertain the course
that would be taken by the court of appeals, if this appeal
was before it, we shall have a guide to the decision of the
question before us.

The case of *Lawrence* agt. *Farley* (73 *N. Y.*, 187) is con-
clusive upon the point that the court of appeals will not
review the discretion of a court of original jurisdiction. In
the case cited a judgment by default was entered against the
defendant in 1862. In 1874 a judgment for a deficiency was
docketed against the defendant, and more than two years
afterwards the defendant applied for the opening of the judg-
ment and gave excuses for suffering the default that were
satisfactory to the supreme court, which opened the judgment
and allowed the defendant to interpose an answer. From this
order an appeal was taken to the court of appeals, which
dismissed the appeal on the ground that the order was discre-
tionary, and that the court of appeals being a tribunal created
for the examination of questions of law (save in a few cases
specially provided for) ought to refrain from matters of dis-
cretion which are likely to involve intricate controversies
respecting matters of fact. To the same effect are *Howell* agt.
*Mills* (53 *N. Y.*, 331) and *Alling* agt. *Fahy* (70 *N. Y.*, 571).

As I have already said the court of common pleas is, with
respect to the marine court, in the position of an appellate
tribunal charged (save a few cases specially provided for) with
the sole duty of reviewing questions of law; and the same
reason that prevents the court of appeals from reviewing mat-
ters resting in the discretion of other courts applies with full

force to appeals brought into this court from discretionary orders made by the marine court.

There is nothing in the amendment to section 3191 that introduces a new rule, for nothing in it requires us to review matters of discretion that the marine court has considered.

Again, the order before us was made after judgment, and section 3191 does not authorize an appeal to the court from such an order (*Lawrence* agt. *Farley*, 73 *N. Y.*, 189; *Bamberg* agt. *Stern*, 76 *N. Y.*, 555).

The last observation is *obiter*, as is the further one, that the case of *Townsend* agt. *Hendricks* (40 *How. Pr.*, 143) would, in my opinion, warrant us in sustaining the appealability of the order, if it were not a discretionary order. I do not discuss the matter, though I have examined it and formed a decided conclusion upon it.

The appeal should be dismissed, with costs.

VAN BRUNT, J., concurred.

---

## SUPREME COURT.

FREDERICK R. FARWELL *et al.*, respondents, agt. WILLIAM E. FURNISS, appellant.

*Attachment — When the threat of a debtor that he will make a preferential assignment, furnishes no ground for the issue of an attachment.*

Where the grounds of the allowance of an attachment was that the defendant was disposing of, or was about to assign and dispose of his property with intent to defraud his creditors, and those grounds were sought to be supported by threats alleged to have been made by defendant, that if sued he would make a preferential assignment of his property, in which case those prosecuting him would get nothing on their claims. In connection with such threats his insolvency was stated with an offer to the plaintiff to compromise at fifteen per cent.

*Held,* that the attachment was improperly granted. The facts stated are insufficient to charge a debtor with an intent to defraud his creditors (*The case of Anthony* agt. *Stype*, 19 *Hun*, 268, *explained*).