DAVIDSON STEAM PUMP CO. *v.* PEERLESS MANUF'G CO.

(*Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. REVIEW ON APPEAL—WEIGHT OF EVIDENCE.
   The court of common pleas has no jurisdiction, on appeal from a judgment of the general term of the city court affirming a judgment of that court on a verdict, to entertain objections that the verdict is against the weight of evidence, or that the damages are excessive.

2. EXCEPTIONS—WITHDRAWAL.
   Defendant's counsel, having excepted to refusals of requests for instructions to the jury, afterwards, at the conclusion of the charge, to which he took no exception, stated that he withdrew his exceptions to the charge. *Held*, that his exceptions to refusals to charge were withdrawn.

3. SAME.
   That the proof of damages from breach of warranty on sale of goods was not explicit is not ground for reversal of a judgment therefor, where such damages cannot be estimated with precision, and the verdict was for much less than the sum claimed, and which, on the evidence, might have been awarded.

Appeal from city court, general term.

Action by the Davidson Steam Pump Company against the Peerless Manufacturing Company, for breach of warranty on sale of goods. Defendant appeals from a judgment of the general term of the city court affirming a judg-

ment of that court entered on the verdict of a jury, and affirming an order denying a motion for a new trial.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Smith & Bowman,* (*Artemas B. Smith,* of counsel,) for appellant.   *George C. Eldridge,* (*George W. Miller,* of counsel,) for respondent.

PER CURIAM.   Counsel for appellant urges a reversal of the judgment on the grounds that the verdict was against the weight of evidence, and the damages excessive; but he should know that, on appeal from a judgment of affirmance by the general term of the city court, this court has no jurisdiction to entertain the question he proposes for our consideration.   *Schwarz* v. *Oppold,* 74 N. Y. 307, 310; *Walsh* v. *Schulz,* 67 How. Pr. 186; *Rowe* v. *Comley,* 2 Civil Proc. R. 424; *Bell* v. *Bartholomew,* 12 Wkly. Dig. 33.   We have authority to review only errors of law arising upon the trial, and presented here by proper exception.   The case was submitted to the jury by a charge not only unexceptionable, but actually not excepted to; and counsel's withdrawal was not only of exceptions to the charge, but to refusals to charge, for otherwise the withdrawal was meaningless, as no exception had been taken to the charge itself.   Appellant's chief complaint is that the damages were not proved with sufficient explicitness; but "it is often the case that damages cannot be estimated with precision, and the basis of accurate calculation is wanting.   When all the proof which, in the nature of the case, is fairly possible, has been given, the good sense of the jury must provide the answer, and it is no defense that such judgment involves more or less of estimate or opinion, having very little to guide it."   *Drucker* v. *Railroad Co.,* 106 N. Y. 157, 164, 12 N. E. Rep. 568.   The verdict is for one-fourth only of the sum claimed, and which on the evidence might have been awarded. On a critical examination of the exceptions, we are satisfied that none is tenable; and the judgment and order must be affirmed, with costs.