## TRAITTEUR *v.* LEVINGSTON.

*(Superior Court of New York City, General Term.   March 2, 1891.)*

1. SETTING ASIDE DEFAULT—REVIEW ON APPEAL.

The setting aside of a default taken at the trial term, on plaintiff failing to appear, is discretionary with the court, and cannot be reviewed on appeal.

2. SAME—CONDITIONS.

. Where plaintiff's attorney, in not appearing for trial, acted upon what he supposed was an arrangement with the other side, which arrangement was denied, the payment of disbursements only, as terms on setting aside the default taken, and reinstating the case, was not insufficient.

3. SAME—SUFFICIENCY OF ANSWER.

The answer to a complaint for damages from defendant's negligence contained a general denial, and interposed a counter-claim for damages from plaintiff's negligence in the transaction referred to in the complaint. *Held*, that it was not incumbent upon the court to decide, upon a motion to set aside a default at trial term, whether by plaintiff's failure to reply the allegations of the answer must be taken

as true, under Code Civil Proc. N. Y. § 522, which provides that new matter in the answer not controverted by the reply, where a reply is required, must be taken as true.

Appeal from trial term.

Charles H. Traitteur sued James Levingston. Defendant appealed from an order setting aside a dismissal of complaint.

Argued before SEDGWICK, C. J., and TRUAX, J.

*George W. Stephens*, for appellant. *George Finck*, for respondent.

PER CURIAM. The dismissal of the complaint was ordered at trial term, the plaintiff not appearing. The court below used a judicial discretion in setting aside the default, which cannot be reviewed. The learned counsel for appellant argues that the record showed that the plaintiff had no right of recovery. The action was for damages from defendant's alleged negligence. The answer contained a general denial of the averment of the complaint. It then made a counter-claim for damages from plaintiff's alleged negligence in a transaction, which it will be assumed appears by the pleadings to be the same transaction that the complaint referred to. The counter-claim averred that the plaintiff was negligent. To this counter-claim there was no reply, and the position for defendant is that by section 522, Code Civil Proc., for the purposes of the action, the allegations of the answer must be taken as true. It was within the discretion of the judge to refuse to decide this matter upon motion, and to refer it for determination to the ordinary proceedings in an action, and especially in view of the possibility that the plaintiff would procure, if it were proper, relief against the consequences of a want of a reply. The terms upon which the default was opened were complained of. It appears by the affidavits that the plaintiff's attorney, in not appearing, acted upon what he supposed was an arrangement with the other side. The arrangement was denied, but the plaintiff may have believed it was made. As to its existence, the preponderance of proof was with the plaintiff. The court had a right to consider this in settling terms. Order affirmed, without costs.