WINFIELD H. BOSSOUT, Respondent, *v.* THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, Appellant.

The effect of a decision by this court affirming an order, granting a new trial and directing judgment absolute in the Supreme Court in favor of plaintiff, in an action to recover damages, is the same as if the whole of plaintiff's cause of action had been admitted and a default had occurred.

A proceeding, therefore, for an assessment of damages as prescribed by the Code of Civil Procedure (§ 194), after the judgment of this court in such a case has been remitted to and made the judgment of the court below, is similar to the taking of an ordinary inquest, and while for the purposes of convenience, it is better to have the assessment made at a Circuit, it is not requisite that it should be.

Where the assessment is by a jury at a Circuit, the rules for reviewing the trial of an action do not prevail.

*It seems* after the completion of the trial, a motion may be made to set aside the inquisition. It will not be granted, however, simply because of the admission of improper evidence, but only where it appears that injustice has been done. The motion is addressed to the discretion of the court, and when refused, a judgment entered upon the inquisition is not reviewable upon legal grounds.

While *it seems*, an appeal may be taken to the General Term from the order refusing the motion to set aside the inquisition, the decision of the General Term thereon is not reviewable here; at least unless an abuse of its discretion by the court below is shown.

Jurisdiction to review such a decision is not given by the provision of said Code (§ 1337) providing for the review here of an order affecting a substantial right not resting in discretion, as it does rest in discretion, and only questions of law are by said provision to be reviewed.

(Argued December 14, 1891; decided January 20, 1892.)

MOTION to dismiss an appeal from a judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made September 8, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, in proceedings for the assessment of damages after entry of judgment absolute upon a remittitur from this court, which affirmed an order denying a motion for a new trial.

The facts, so far as material, are stated in the opinion.

*D. G. Griffin* and *John W. Hogan* for motion. The appellant must invoke some statutory authority for this court to review the proceeding, or suffer a dismissal of his appeal. (*Gordon* v. *Hartman*, 79 N. Y. 221 ; *Wilmore* v. *Flack*, 96 id. 513.)

*Edmund B. Wynn* opposed. An appeal lies to the Court of Appeals from the judgment of the General Term rendered upon argument affirming a final judgment of any kind, if the latter is an actual determination and not merely rendered upon a default. (*Lahen* v. *Fielden*, 15 Abb. Pr. 177 ; *Caughey* v. *Smith*, 47 N. Y. 244 ; Code Civ. Pro. § 190.)

Peckham, J. The plaintiff commenced this action to recover damages for an injury alleged to have been caused him through the negligence of the defendant. Upon the trial, the plaintiff was nonsuited. He appealed from the judgment of nonsuit to the General Term of the Supreme Court, and, after a hearing, that court reversed the judgment and granted a new trial. From the order granting such new trial, the defendant appealed to the Court of Appeals, and stipulated that if the order were affirmed, judgment absolute should be rendered against it.

The order was affirmed in this court and judgment absolute was ordered to be entered against defendant in accordance with its stipulation. The remittitur from this court was filed in the Supreme Court and our judgment was made the judgment of that court.

In order to render the judgment thus entered effectual, and by virtue of section 194 of the Code, the court at Special Term ordered that the damages to which the plaintiff was entitled in the action should be assessed by a jury under the direction of the court at the next Circuit, and for that purpose it was ordered that the cause should be placed on the Circuit calendar.

In obedience to the direction of the court, the assessment of damages was had at the Jefferson Circuit, and after hearing evidence on that question from both sides, it was submitted to

the jury, which assessed the damages for the plaintiff at the sum of ten thousand dollars.

Thereupon, as the record states, the counsel for the defend-ant moved on the judge's minutes for a new trial on the ground that the damages were excessive ; that the verdict was unsup-ported by and contrary to the evidence, and contrary to the law of the case, and upon all the exceptions taken by defend-ant upon the trial of the action.   The court denied the motion and the defendant excepted.   The plaintiff then entered what is termed a judgment *a*pon such assessment of damages for the amount of the verdict and the costs, from which, and from the order denying the defendant's motion for a new trial on the judge's minutes, the defendant appealed to the General Term. That court affirmed both judgment and order, and the plaintiff entered a judgment of affirmance accordingly.   From this last so-called judgment, the defendant has appealed to this court, and the plaintiff now moves to dismiss the same on the ground that it is not appealable.

We think the motion should be granted.

The judgment entered upon the filing of the remittitur from this court was an absolute and final one, which fixed irrevocably the liability of the defendant to pay the damages sustained by the plaintiff consequent upon the negligent act of the former.

The proceeding to assess the damages thus sustained was taken in order to render such final judgment already entered effectual.   It was a proceeding based upon that judgment, and undertaken pursuant to the provisions of section 194 of the Code.   It was not the trial of an ordinary action at the Circuit, and subject to the general provisions of the Code in that behalf relating to a review of such trial.   It was, in terms, and under the above-cited section, an assessment of damages merely, which might be had in the court of original jurisdiction, but not necessarily at Circuit.

The practice in a proceeding to assess damages in such cases is not specially laid down in the Code, and we must look at the nature of the proceeding itself to determine whether or not the judgment entered upon the verdict is appealable to

this court.   The effect of the affirmance of the order granting a new trial and the entry of judgment absolute thereon in the Supreme Court was the same as if the whole of plaintiff's action had been admitted and a default had occurred, and the sole question left was as to the amount of the damages sustained by the plaintiff.

Under the old practice, where the amount of the damages could not be adjusted without an inquiry, a writ of inquiry to assess the damages was issued and directed to the sheriff of the county where the venue was laid, and stating that "because it is not known what damages the plaintiff hath sustained," the sheriff is commanded to inquire of the same by a jury of twelve men, etc.   (Graham's Practice [2d ed.], 794; 1 Tidd's Prac. [Am. ed. 1840] 570, 573, 582.)

Notice to the defendant, if he had appeared, was to be given, and the writ was executed under the direction of the sheriff.   It could, however, under special circumstances, be executed at the Circuit, and under the direction of the court. Now, by the provisions of section 194 of the Code, it would have to be executed in the court of original jurisdiction.   Its character, however, is not thereby changed, and the court, when executing an assessment of damages, proceeds in a manner similar to the taking of an ordinary inquest.   There is nothing which compels its execution at the Circuit, although for purposes of convenience it is better to so execute it, as a jury is there already provided.   Before the Code, such irregularities as occurred during the execution of the inquisition could only be taken advantage of by motion to set aside the proceedings and not by writ of error.

The principles upon which the court would interfere with the result of an inquisition were well settled by the old Supreme Court.   A writ of error did not lie because it was not an ordinary trial in court and the review thereof was not provided for as upon a bill of exceptions.   If improper evidence were admitted and, in some other cases, if it appeared that injustice had been done, but not otherwise, the court on motion would set aside the inquisition.   (*Ward* v. *Haight*, 3 Johns.

Cas. 80 ; *Sharp* v. *Dusenbury,* 2 id. 117.)  In the former of above-cited cases the court observed that such assessment was intended to inform the conscience of the court, and the court will not interfere unless it appear that injustice has been done, or in other words, unless the ends of justice require it.  (1 Tidd's Pr. *supra;* Graham's Pr. 794, 800, 801.)

The result of our examination is to show that the proceeding for the assessment of damages in order to render the judgment absolute effectual, as provided for in the Code, is one which is not like a trial of an action at Circuit, and the rules for reviewing the trial of an action do not prevail in regard to this proceeding.  There is no provision for making a case and exceptions or for a motion for a new trial on the judge's minutes.  After the completion of the trial a motion may be made to set aside the inquisition, but the motion will not be granted upon the same grounds as a new trial would be for the mere admission of improper evidence.  It is a motion addressed largely to the discretion of the court in which the proceeding takes place, and when refused as not tending to the ends of justice, a judgment entered upon the inquisition does not become one which is reviewable by the court upon legal grounds.  There would seem to be no doubt that under the well-established rule, an appeal might be taken from the order of the Special Term refusing the motion to set aside the inquisition to the General Term of the court, as the judicial discretion exercised by the court in granting or refusing the motion is not confined to the Special Term.

But we do not see that any provision is made for an appeal to this court from the order or judgment of the General Term in such a proceeding.  There is no provision for taking exceptions upon the trial of such an inquiry, and the motion to set aside is not founded upon exceptions, although of course it would not be granted if it appeared that the evidence which was claimed to be illegal had been admitted without objection. Our province is to review errors of law and not the exercise of discretion by other tribunals.  (*Lawrence* v. *Farley,* 73 N. Y. 187.)

The character of our jurisdiction is such as to confine us to the review of questions of law only unless specially otherwise authorized. (Id.) Section 1337 of the Code does not confer jurisdiction. That provides for a review of an order affecting a substantial right and not resting in discretion. Questions of law only are by this section to be reviewed.

The granting of the motion being addressed to the sound discretion of the court below, we cannot interfere, unless an abuse of discretion is shown which in our judgment should call upon us to interfere. We have looked through the return on file and can see that the case discloses nothing of the kind.

The motion to dismiss the appeal should be granted, with costs.

All concur, except O'BRIEN, J., taking no part.

Motion granted.