HOLLER *et al. v.* APA *et al.* SAME *v.* GIORDANO *et al.* SAME *v.* TARCHINI *et al.*

(*Common Pleas of New York City and County, Special Term.* March 25, 1892.)

1. MECHANICS' LIENS—FORECLOSURE—LIABILITY OF OWNER.

In an action to foreclose a mechanic's lien, an owner who fails to defend cannot be made personally liable for costs incurred by trial of issues between the claimant and the contractor; but, if the sums due from the owner to the contractor be sufficient to cover the lien and costs, the claimant is entitled to full satisfaction.

2. SAME—COSTS—FAILURE TO DEFEND.

By failing to defend and to prove the exact amount of the indebtedness to contractor, an owner, notwithstanding any defense he had and omitted to make, may be made liable for judgment and costs in excess of that amount; and he cannot, after judgment, assert such defense on a motion to strike out the provision allowing costs.

3. SAME—APPEAL BY CONTRACTOR.

Costs of an appeal given against contractor are not a liability to be borne by owner or premises, where owner does not appeal.

4. SAME—JUDGMENT.

The judgment in an action to foreclose a mechanic's lien is not irregular in charging the owner or his property with the whole costs of the litigation, since the right to costs is one of the questions involved, and is within the relief asked in the complaint.

5. SAME—TAXATION OF COSTS—NOTICE.

In an action to foreclose a mechanic's lien, notice of taxation of costs need not be given to the owners of the premises, who were parties to the action, but failed to appear.

Three actions by Frederick Holler and Henry Holler to foreclose mechanics' liens,—one against George Schwehn and Filippa Apa and others, the second against said Schwehn and Tomasso Giordano and others, the third against said Schwehn and Michele Tarchini and others. George Schwehn, the contractor, alone made any defense. The other defendants were the property owners. The actions were referred and tried together. Judgments were awarded, with costs, against the owners of the premises subject to the lien. The owners now move to amend the judgments by striking out costs in excess of those taxable as on a default, and for other or further relief. Denied.

For former report, see 16 N. Y. Supp. 955, *mem.;* 17 N. Y. Supp. 504.

*Robert Kelly Prentice,* for plaintiffs. *Jared F. Harrison,* for defendants.

DALY, C. J. These were actions to foreclose mechanics' liens filed by the subcontractor. The owners made no defense. They could not, therefore, be made personally liable for the costs incurred by the trial of the issues between the claimant and the contractor; but, if the sums due from them to the

contractor were sufficient to cover the liens and costs, then the claimant is entitled to full satisfaction out of the premises subject to the liens.

By failing to defend the action, the owner takes the risk of a judgment against his property in excess of what he may deem to be the amount in which he is indebted to his contractor. But he cannot complain of this, because he has had the opportunity to defend, and prove the exact amount of his indebtedness. If he neglect to do so, the lienor will proceed in the action, and recover a judgment according to the pleadings and proof, and his judgment will be regular, notwithstanding any defense which the owner had and omitted to make; and the remedy of the latter is gone if he is dilatory in seeking relief from his default. In this case the owners were served with complaints in the actions to foreclose the liens, and were thus apprised of the demand for a judgment, directing a sale of the premises, and payment out of the proceeds of the amount due upon the liens, together with the costs and expenses of the actions. They urge, however, that by abstaining from defending they can confine the recovery of costs, as against themselves, to such as accrued up to the time of their default. It must be manifest, however, that this could be only in case the claimant had the right to enter a separate judgment for the sale of the premises against the owner, and then proceed with the action against the other parties. But this is not possible in an action in a court of record to foreclose a mechanic's lien. A several judgment cannot be had except where a several action can be maintained, and a separate action, in a court of record, against the owner, without the presence of the contractor and all lienors and incumbrancers as parties, is not authorized, (Act 1885, c. 342, §§ 17, 21;) and there can be but one judgment in the action, which must determine the equities and claims of all the parties, (Id.) In courts not of record, a separate judgment may be had against parties in default for the relief asked against them, (Id. § 11;) but the intention of the statute to provide for a single judgment which shall determine the rights of all the parties, where the action is in a court of competent jurisdiction, is unquestionable, (Id. §§ 17, 21.) The claimant, therefore, is compelled to try all the material issues, with all the parties to the action, before he can take judgment against the owner, and he is therefore entitled to have the costs paid out of the proceeds of the premises if the amount due the contractor is sufficient. Of course, if the owner defends, costs may be awarded against him in the discretion of the court. *Kenney* v. *Apgar*, 93 N. Y. 539.

In these actions, although the owners suffered default, a defense was interposed by the contractor, and by another party claiming to be a prior incumbrancer. The action was referred, the issues tried, and judgments rendered for the claimants, directing a sale of the premises to satisfy their liens, and the costs of the actions which were awarded to them. The judgments were entered January 23, 1891, and immediate notice thereof in writing was given to the owners. An appeal was taken from the judgment by the contractor alone. His appeal was duly argued, and the judgment affirmed. After such affirmance, and after the lapse of a year from the notice of the entry of judgment, these motions are made by the owners to amend the judgments by striking therefrom all costs in excess of those taxable as upon a default. The motion assumes that the judgment is irregular in charging the owner or his property with the whole costs of the litigation; but this is not so, for the right to such costs is one of the questions to be determined in rendering judgment, and is within the relief asked in the complaint. It is complained that no notice of taxation of costs was given to the owners; but they were not entitled to notice, because they had not appeared in the action. The judgment, therefore, is not irregular.

But the moving parties ask for such other or further relief as to the court shall seem meet and just, and it is claimed that the court should relieve them from these judgments, upon the ground, substantially, that, before the plaintiffs' lien was filed, the contractor had abandoned his work, leaving it unfin-

Jshed; also that he had been fully paid all the money due him upon his contract. If this were so, then the owners had a defense to these actions, and ought to have pleaded it. · Not having done so, can they be permitted to set it up and try it upon motion after judgment? Clearly not. Their only remedy would be through an application to open their default and be allowed to come in and defend, and I shall treat the prayer for relief embodied in the moving papers as a motion to open the default, and dispose of it accordingly. There stands in the way of the application (1) the provision of the Code, § 724, denying relief from a default, unless the motion be made within a year from the notice of the judgment; (2) the laches of the moving parties; for if the limitation of the Code upon the right to move for such relief (if not upon the power of the court to grant it) be disregarded, and the application be considered upon its merits, it seems that these parties, by their delay in moving, have made it inevitable that indulgence cannot be extended to them without· inflicting grave injustice upon the plaintiffs. These owners, served with a summons and complaint in an action to forclose a mechanic's lien upon their property, suffer default, and lie by for a year, while the claimant contends against the contractor for the maintenance of his rights, incurring all the expenses of a long litigation, and finally prevailing. They then lie by for another year after notice of their property, while the claimant contends with the contractor upon the latter's appeal, and finally, after judgment of affirmance, they come into court, and ask that the action be tried over again as against them. The statement of the case shows compelling reasons for denying the application. The motion papers contain a prayer that the plaintiffs be enjoined from enforcing the collection of the costs of the appeal as against these defendants' property. The motion is unnecessary. The owners did not appeal, and neither they nor the premises covered by the lien are liable for the costs of appeal. The plaintiff could have proceeded to collect his judgment, notwithstanding the appeal, and, if he were stayed, had the right to require security. Motions denied, with $10 costs.