## KELLER v. FELDMANN.

(Common Pleas of New York City and County, General Term.  January 11, 1893.)

1. APPEAL—JUDGMENTS BY DEFAULT.
    A judgment of the general term of the city court affirming a judgment by default is not reviewable by the court of common pleas.
2. SAME—SUBSTANTIAL RIGHTS—REFUSAL TO OPEN DEFAULT.
    An order of the general term of the city court which affirms an order refusing to open a default is not an order affecting a substantial right, so as to be appealable to the court of common pleas.
3. SAME—DISCRETIONARY ORDERS.
    Discretionary orders of the city court are not reviewable by the court of common pleas, except, perhaps, when they exhibit an abuse of discretion.
(Syllabus by the Court.)

Appeal from city court, general term.
Action by Emma Keller against Henry Feldmann to recover damages for assault and battery.  From a judgment of the general term of the city court affirming a judgment by default, and from an order of said term affirming an order denying a motion to open the default, defendant appeals.  Appeal dismissed.
Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.
John Henry Hull, for appellant.
Langbein Bros. & Langbein, (George F. Langbein, of counsel,) for respondent.

PRYOR, J.  The record shows that when the action was called for trial the defendant failed to appear, and that thereupon his default was entered, and judgment rendered against him upon an assessment of

damages. No appeal lies from a judgment by default. The only office of an appellate tribunal is to review the determinations of the primary jurisdiction; and, since a judgment by default involves no adjudication upon the issues in controversy, it follows that nothing is presented for revision by the court above. Flake v. Van Wagenen, 54 N. Y. 25, 28; Innes v. Purcell, 58 N. Y. 388; Maltby v. Greene, 40* N. Y. 548. A judgment of affirmance by default is not an actual determination. Stevens v. Glover, 83 N. Y. 611; McMahon v. Rauhr, 47 N. Y. 67. By express provision of the Code, (section 1294,) a judgment by default is excepted from the privilege of appeal. Thus, reason, authority, and statutory enactment concur to the point that the appeal from the judgment must be dismissed for lack of jurisdiction to entertain it.

As to the order upon appeal: It appears that, when the plaintiff moved the cause for trial, the defendant asked an adjournment because of the absence of an alleged material witness. The request for the adjournment, being opposed, was denied by the trial judge. Thereupon defendant's counsel withdrew from the litigation, and an inquest of damages was taken by the jury. Afterwards the defendant moved, at special term of the court below, to open the default and vacate the judgment. Upon opposing affidavits, the application was denied. On appeal from the order of denial, it was affirmed by the general term, and from that order of affirmance an appeal is prosecuted to this court. The question is: Have we jurisdiction to entertain the appeal? The argument of appellant imports that an order refusing to open a default affects a substantial right, and so is within the terms of the statute defining the appellate jurisdiction of the common pleas over the orders of the city court. Code Civil Proc. § 3191, subd. 3. But the reasoning is vitiated by a fatal fallacy; namely, in assuming that an order denying a motion to open a default affects a " substantial right." In the sense of this provision of the Code, a substantial right is a strict legal right, enforceable as such, and not resting at all in the discretion of the court. De Barante v. Deyermand, 41 N. Y. 355; Foote v. Lathrop, Id. 358, 361; Martin v. Hotel Co., 70 N. Y. 101, 103. Hence the " universal rule that an order embodying a determinations of the court below, which is the result of the exercise of a discretion vested in that court, will not be reviewed in the court of appeals, although it affects a substantial right." Baylies, New Trials, 217–219; Anon., 59 N. Y. 313, 315; Smith v. Platt, 96 N. Y. 635, 636; Witkowski v. Paramore, 93 N. Y. 467; Clyde v. Rogers, 87 N. Y. 625; Lawrence v. Farley, 73 N. Y. 187; Jenkins v. Putnam, 106 N. Y. 276, 12 N. E. Rep. 613. The appellate jurisdiction of this court over the determinations of the city court being exactly commensurate with the jurisdiction of the court of appeals over its subordinate tribunals, it results that we have no authority to review a discretionary order of the city court. Robinson v. Cornish, (Com. Pl. N. Y.) 12 N. Y. Supp. 929; McEteere v. Little, 8 Daly, 167; Walsh v. Schulz, 12 Daly, 103; In re Adler, 60 Hun, 481, 483, 15 N. Y. Supp. 227. But whether a default should be opened is a question of judicial discretion, and an exercise of that discretion by the city court is not reviewable by us. Traitteur v. Levingston, (Super. N. Y.) 13 N. Y. Supp. 603; Miller v.

Tyler, 58 N. Y. 477, 480; Walsh v. Schulz, 12 Daly, 103; Wakefield v. Surety Co., 13 Daly, 349; Robinson v. Cornish, supra; Judson v. O'Connell, (Sup.) 14 N. Y. Supp. 92; Clute v. Mahon, (Super. N. Y.) 9 N. Y. Supp. 713; Depew v. Dewey, 56 N. Y. 657; Ferris v. Ferris, Id. 614; Smith v. Belden, 60 N. Y. 642; Davis v. Borst, 58 N. Y. 669; Wade v. De Leyer, 63 N. Y. 318; In re Loew, 90 N. Y. 666; Stevens v. Glover, 83 N. Y. 611.

The defendant suffered default because of the refusal of the trial court to allow an adjournment; but orders of adjournment are discretionary, (Borley v. Sewing Mach. Co., [Sup.] 12 N. Y. Supp. 45;) and hence are nor appealable to us from the city court, (cases supra.) Nevertheless, we have examined the papers on the motion for adjournment sufficiently to enable us to say, without hesitation, that in denying the motion the court committed no abuse of discretion. The application for postponement went upon the ground of the absence of an alleged material witness; but the witness had not been subpœnaed, nor had any effort been made to subpœna him, or otherwise to procure his attendance. For this defect alone, the application was properly denied, (Oil Works v. Brown, 7 Abb. Pr. [N. S.] 382.) But on reading the record we perceive that the adjournment might well have been refused, also, on the more substantial ground of justice. The appeal from the order must be dismissed.

Appeal dismissed, with costs. All concur.