(5 Misc. Rep. 406.)

### SIEFKE v. SIEFKE.

(Common Pleas of New York City and County, General Term. November 6, 1893.)

EVIDENCE—WEIGHT AND SUFFICIENCY.

> In an action for money alleged to have been loaned to defendant to buy a suit of clothes, plaintiff and his wife testified to the fact of the loan, and a witness for plaintiff testified that, on demand of repayment, defendant promised to call and settle. Defendant denied this, and testified that at the time of the alleged loan he purchased a suit of clothes, which was paid for by a third person, in which he was corroborated by three witnesses. *Held*, that a judgment for defendant would not be set aside as against the weight of evidence.

Appeal from eighth district court.

Action by Henry Siefke against Herman Siefke, Jr., to recover for money alleged to have been loaned to defendant. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Bliss & Schley, for appellant.
Wm. Allen, for respondent.

BISCHOFF, J. Plaintiff testified that in the early part of October, 1889, he loaned defendant $45 wherewith to purchase a suit of clothes for personal use. In this he was directly corroborated by his wife, and indirectly by Burchill, who deposed that, upon demand of repayment, defendant promised to call upon plaintiff and settle. Defendant, on the other hand, flatly contradicted the witness mentioned, and was allowed, without objection, to introduce evidence tending to show that about the time of the alleged loan he purchased a suit of clothes of one Batzing, for which F. Siefke, an uncle of defendant, paid. Defendant, Batzing, Mrs. W. D. Siefke, and Minnie Salb each testified to the last-mentioned effect. The justice below rendered judgment for defendant, and we are asked to reverse it as against the weight of the evidence.

Testimony tending to prove alleged oral admissions of a fact, depending for its accuracy upon the intelligence of the witness, the reliability of his recollection, the difficulty of imparting the inflections and deflections of voice and the gestures accompanying the alleged admission, all of which is material to convey the true sense in which the person charged with the admission wished to

be understood, is evidence of an inferior degree, and not to be received without extreme caution in the consideration of the weight of the evidence for and against an alleged fact. 1 Greenl. Ev. § 200; Steffens v. Steffens, (Com. Pl. N. Y.) 11 N. Y. Supp. 424. Plaintiff's testimony was subject to discredit, without direct impeachment of his credibility, as that of a party interested in the event of the action, and, while his wife had no such direct interest, she was nevertheless remotely interested in the issue of the trial favorably to her husband. Besides, the manner and demeanor of a witness while under examination, indicating bias, recklessness, confused recollection, or defective memory, may properly aid in the determination of the degree of credibility which should be attributed to his statements. The trial justice having the advantage, therefore, of observing the witness, an appellate court is not warranted in disturbing his determination of the facts upon conflicting evidence only on the ground that a greater number of witnesses testified to the contrary. Baird v. Mayor, etc., 96 N. Y. 567, 577; 2 Rice, Ev. p. 789. Inconsistency of the several parts of his testimony, and improbability of the truth of his narration, are among the essential tests which should be applied to the testimony of a witness in determining the degree of his credibility and the facts in evidence, (Id. p. 788;) and under the illumination of these tests we cannot say that defendant falsely asserted that he never received the sum plaintiff claimed to have loaned him, and that he never applied for the alleged loan. The judgment appealed from should be affirmed, with costs.