(6 Misc. Rep. 31.)

### McKEON v. KELLARD.

(City Court of New York, General Term. November 27, 1893.)

APPEALABLE ORDERS—POSTPONEMENT OF TRIAL.

    No appeal lies to the general term from an order refusing defendant's motion to postpone the trial, when defendant thereupon withdraws from the trial.

Appeal from trial term.

Action by Matthew J. McKeon against May M. Kellard. A motion to postpone the trial was refused, and defendant appeals. Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Gardner & Linehan, for appellant.
Jas. C. De La Mare, for respondent.

VAN WYCK, J. When this cause was called for trial, the defendant moved on affidavits for a postponement of the trial, which was refused, whereupon defendant withdrew from the trial, and plaintiff was allowed to take an inquest before the jury, who, by direction of the court, returned a verdict for him, upon which the judgment was entered. No appeal lies from a judgment by default. Keller v. Feldmann, 49 St. Rep. 718, 21 N. Y. Supp. 581. The order appealed from was made at trial term, and recites the affidavits used and filed by defendant on her motion to postpone the trial, and that the motion is to set aside the verdict; but the record does not show that any such motion was made, but does show that the motion to postpone was made by her before she withdrew from the trial; so that, if this order determines anything, it is a denial of the motion for postponement, and will be so treated. No appeal lies directly to the general term from such an order made at trial term against a defendant who withdraws from the trial. The correct and established practice in such cases is that, when a party defendant feels himself aggrieved by a refusal to postpone a trial before a jury, he may withdraw (as this defendant did) from the trial, and if the trial proceeds in his absence, and the cause is decided against him, he may, upon affidavits showing his application at trial term to postpone, the papers upon which it is founded, its denial, and that a decision has been made against him, make a nonenumerated motion at special term to set aside such decision, and he may, upon fuller and additional affidavits, include in this motion, if made within one year, but which should be made promptly, an applica-

tion for the relief vouchsafed to him under section 724 of the Code, and thus have his default opened, the inquest set aside, and the judgment vacated. Except for the firm conviction that the maintenance of an orderly system of practice requires that a well-established rule of practice should never be violated when the party can reach exact justice by being forced to a compliance therewith, this order would be reversed, and the inquest and judgment set aside, not because of error on the part of the trial judge, but because from reading the records in this and its companion case of Gross v. Kellard, 26 N. Y. Supp. 69, (this day reversed by the general term,) it would seem that an infamous system existed in this city of exacting interest at the rate of 100 per cent. per year upon small loans secured by chattel mortgages. However, in obedience to the established rule of practice as above indicated, the appeal must be dismissed, but without costs or disbursement, and with leave to defendant to make a nonenumerated motion at special term to set aside the inquest and vacate the judgment entered by default, with the suggestion to her counsel to prepare with care the affidavits to be used, making them full and comprehensive. All concur.