(12 Misc. Rep. 100.)

### WOLFE et al. v. HORN et al.

(Common Pleas of New York City and County, General Term.   April 1, 1895.)

**1. APPEAL—NOTICE—FAILURE TO NAME APPELLANTS.**
  Where the notice states that the appeal was "taken by the defendants," without naming them, and it appears that one of the defendants named in the complaint did not answer or appear in the action, and the other defendants appeared and litigated the issues, the notice sufficiently indicates by what defendants the appeal was taken.

**2. MECHANICS' LIENS—DAMAGES FOR BREACH OF CONTRACT.**
  A contractor has no lien for damages sustained by him by reason of a breach of contract by the owner, but he is confined to the value of his work and materials furnished.

Appeal from judgment on report of referee.

Action by Arrowitz Wolfe and another against Edward C. Horn and others to foreclose a mechanic's lien.   There was a judgment in favor of plaintiffs, and defendants appeal.   Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Thos. O'Callaghan, Jr., for appellants.
W. W. Culver, for respondents.

BISCHOFF, J.   The action was brought to foreclose a lien claimed, pursuant to the provisions of the mechanic's lien law (chapter 342, Laws 1885, and chapter 316, Laws 1888), against the defendants Horn and Smith, as owners and contractors, and the defendant Dow, as an owner only, for a balance owing of the fair and reasonable value of services rendered and materials furnished in the making of certain improvements upon the premises described in the complaint.   Agreeably to the notice contained in the record, the appeal from the judgment entered was taken by "the defendants," without naming them.   The defendant Dow, however, did

not answer the complaint, or otherwise appear in the action. No proposed findings of fact or conclusions of law on his behalf were presented to the referee. Neither do any exceptions to the referee's decision appear to have been taken by the said defendant. The defendants Horn and Smith alone litigated the issues upon the trial. The judgment against the defendant Dow, therefore, was rendered upon his default to appear and defend; and, as no appeal will lie from such a judgment (Code Civ. Proc. § 1294; Keller v. Feldman, 2 Misc. Rep. 179, 21 N. Y. Supp. 581), it is obvious that the appeal was intended to be taken by the defendants Horn and Smith only.

The judgment entered appears upon inspection to be of doubtful validity with regard to the defendant Dow. It is nowhere conceded, nor has the referee found, that Dow assumed payment for the plaintiffs' work, or assented to the making of the improvements. Upon what authority, then, are the plaintiffs entitled either to personal judgment against Dow, or to a lien upon his interest in the premises as owner? Laws 1885, c. 342, § 1; Mosher v. Lewis (Com. Pl. N. Y.) 31 N. Y. Supp. 433. He was not to be subjected to the costs ensuing upon the litigation of the issues, since he did not defend, and the liability was not a joint one. Holler v. Apa (Com. Pl. N. Y.) 18 N. Y. Supp. 588. Error, however, in the referee's conclusions of law, and the judgment appealed from, which is prejudicial to the defendant Dow alone, does not afford adequate ground for the reversal of the judgment with regard to the defendants Horn and Smith. By such error the two last-mentioned defendants are in no sense aggrieved. Code Civ. Proc. § 1294; Biershenk v. Stokes, 7 Misc. Rep. 692, 694, 28 N. Y. Supp. 1.

The answer presenting the issues litigated also interposed a counterclaim for the plaintiffs' alleged breach of contract. No reply appears to have been made to this counterclaim. None is contained in the record, and no point because of its omission was made on the trial. We are therefore to consider the issues as they were tried and determined by the referee with the consent of the parties. Muldoon v. Blackwell, 84 N. Y. 646. The complaint alleged, and the answer admitted, that on or about the 29th day of March, 1892, the plaintiffs and the defendants Horn and Smith, the latter being at the time lessees of the premises, entered into a contract whereby the plaintiffs agreed to do certain plumbing work, and the defendants Horn and Smith agreed to pay therefor $1,010, in three installments,—$300, $300, and $410, respectively,—as the work progressed. It was further alleged in the complaint that, upon the maturity of the first installment, the defendants omitted payment thereof; that the plaintiffs thereupon declined to proceed with the completion of the work; that the defendants Horn and Smith thereupon paid the sum due, and requested the plaintiffs to proceed; that, acting upon such request, the plaintiffs resumed the work, and were thereafter, before the maturity of the second and third installments, prevented by the defendants Horn and Smith from completing it; that, at the time when the plaintiffs were so prevented, the fair and reasonable value of the work actually done

was $438.23, of which, after crediting the defendants Horn and Smith with the $300 paid, there remained due and owing $138.23; and that on June 29, 1892, the plaintiffs filed their notice, claiming the lien for the foreclosure of which this action was brought.

That the facts admitted and those alleged as aforesaid, if proved, entitled the plaintiffs to a recovery against the defendants Horn and Smith, is indisputable. Flaherty v. Miner, 123 N. Y. 382, 25 N. E. 418; Whelan v. Ansonia Clock Co., 97 N. Y. 293. The answer denied any breach of the contract on the part of the defendants Horn and Smith, and that the work done by the plaintiffs was of the value as claimed. As a counterclaim, the answer alleged that the plaintiffs committed a breach of the contract in having failed to complete the work, to the damage of the defendants Horn and Smith in the sum of $502.01. Regarding the reply as waived and the counterclaim as denied (Muldoon v. Blackwell, supra), the questions presented to the referee for his determination were: First, whether the plaintiffs or the defendants Horn and Smith committed a breach of the contract; and, secondly, if the defendants Horn and Smith were guilty of such a breach, the amount of the plaintiffs' damages recoverable in this action, or, if the plaintiffs were guilty of the breach, the amount of the defendants Horn's and Smith's damages. The evidence adduced by the parties in support of their several and respective contentions created but a conflict, which it was the referee's province to determine. Sufficient appears in the record in support of every essential allegation of the complaint. No such inconsistencies appear on the part of the plaintiffs, nor is the evidence adduced by them so tainted with improbability that we may say that the preponderance of the evidence was with the defendants. Brown v. Sullivan, 1 Misc. Rep. 161, 20 N. Y. Supp. 634; Siefke v. Siefke, 5 Misc. Rep. 406, 25 N. Y. Supp. 762. Hence the referee's determination of the facts is conclusive upon us. Baird v. Mayor, etc., 96 N. Y. 567. Obviously, the determination that the defendants Horn and Smith prevented the plaintiffs' performance precluded the former's recovery upon their alleged counterclaim.

It is contended by the appellants that the referee erred in his refusal to credit them with certain expenditures made after the breach of contract had occurred. These expenditures, it is true, had the contract been completely performed, would have had to be borne by the plaintiffs. In support of the referee's conclusions in this respect, it is, however, only necessary to point out that the action was not to recover damages for the profits prevented, but proceeded, on the part of the plaintiffs as well as of the defendants Horn and Smith, as one to recover upon a quantum meruit, for the services actually rendered and the materials actually furnished; for in no other aspect of the action and of the issues litigated could the plaintiffs have supported their claim of a lien, the statute failing to afford such a lien for damages accruing from a prevention of a performance of a contract for services and materials, and limiting it to the services rendered and the materials furnished in the making of improvements and repairs. Laws 1885, c. 342; Den-

nistoun v. McAllister, 4 E. D. Smith, 729; Miner v. Hoyt, 4 Hill, 193; Hoyt v. Miner, 7 Hill, 525; Morgan v. Taylor (Com. Pl. N. Y.) 5 N. Y. Supp. 920.

Other exceptions taken by the appellants to rulings upon evidence disclose no justification for reversal of the judgment. It should therefore be affirmed as to the defendants Horn and Smith, with costs. All concur.