OPINION of the Court, by
Ch. J. Boyue,
The plaintiffs in error having obtained a judgment in ejectment against the defendants, the latter filed their bill, asserting a superior right, in equity derived under an adverse claim. Pending the suit, the act of 1797, concerning occupying claimants, was repealed by the act of 1812, so far as it came within the purview of the latter act: and the defendants filed an amended bill, stating that they had made lasting and valuable improvements upon the land, ⅝⅛⅜⅛’ praying that they might be compensated therefor. To this hill there was a demurrer, which upon argument was overruled : and on a final hearing the court below being of opinion that the defendants in error had failed to establish a superior claim in equity, dismissed their bill as to their claim for the land, but appointed commissioners to value the improvements, &c. with directions to proceed according to the act of 1797; and the commissioners having made a report in pursuance of their directions, a decree w as given for the defendants, for the balance due to them for improvements, after deducting rents, &c. To that decree the plaintiffs have prosecuted this writ of error.
The errors assigned question the propriety of the amended bill, and the correctness of t(ie order appointing commissioners.
*181 A4 the defendants deduced a title, from record for the land in dispute, there can be no doubt that they were entitled to a compensation for their improvements, either under the act of 1797 or under that of 1812 ; and it was the duty of the court, when their bill as to ¿hei r claim to trie land was dismissed, to appoint commissioners to value the improvements, &c. on application for that purpose, without any express prayer therefor, either by an original or amended bill. The amended bill was, therefore, unnecessary ; but surely if the proceedings in other respects be correct, that circumstance cannot be a sufficient cause for reversing the decree in favor of the, defendants. The amended bill in fact produced no consequence. It was mere supererogation. It only asked the court, by formally setting forth the defendants’ claim to compensation, to do that which it was the duty of the court to do without such formality. As, therefore, the amended bill produced no result prejudicial to the plaintiffs, their objection to it cannot be regarded.
As little can they avail themselves of their objection to the order appointing commissioners. The order having directed the commissioners to ho governed by the provisions of the act of 1797, which are more beneficial to the plaintiffs as the successful claimants than those of the act of 1812, it is not competent for them to allege that the commissioners should have been directed to proceed under tlie latter act : for that would be permitting them to assign for error that which operates to their own advantage.
Judgment affirmed with costs anti damages.