HUGHES *vs.* STICKNEY.

A party cannot *reverse* a judgment *in his favor* for the *error of the court*,
unless such error be to his injury or disadvantage.
*It seems* that where a party, not entitled to bring error, sues out a *certio-
rari* to reverse a judgment, the party affected by such proceeding may
apply to quash the writ.

Error from the Genesee common pleas. Hughes sued
Stickney in a justice's court. Issue was joined between them,
and the cause tried by a jury. No evidence was given on
the part of the defendant. The jury, after retiring to consid-
er of their verdict, returned into court ; and the justice, *in the
absence of the plaintiff* and *without calling him*, received
the verdict of the jury, by which they found *no cause of ac-
tion ;* upon which the justice entered judgment *against the
plaintiff* for the cost of the suit. The *defendant* (Stickney)
thereupon sued out a *certiorari,* and the common pleas of Gen-
esee *reversed* the judgment of the justice, and awarded $23,
45 costs in favor of Stickney. Hughes sued out a writ of error.

*I. L. Wendell,* for plaintiff in error. Sergeant Williams, in
*note 8, page 47, of 2 Saund.,* at the conclusion of the case of
*William* v. *Gwyn,* says, " Where the error is by *default of
the court,* it may be assigned *by him who is benefitted by it.*"
This is in direct contradiction to the decision in the principal
case to which his note is appended, and to the well established

of law *that no person bring error unless he is prejudiced by it.* Why he wrote it, except to show that the ancient strictness on these subjects was superseded by the statute of jeofails and amendments, is inconceivable; and particularly so, as on examination it will be found that the cases cited by him do not justify him in laying down the rule as a *general rule* applying to all cases. The case of *Beecher* v. *Shirley, Cro. Jac.* 211, referred to by him, shows that it was applicable only where there had been an omission to enter judgment of *misericordia;* and then, because the party was not amerced and the *king* lost his *fine,* the party, notwithstanding the omision was *to his advantage,* might bring error, the judges gravely assigning as a reason, "for it is for the king's benefit, and therefore may be well assigned for error *by either party.*" The case in *Jenkins,* 211, *pl.* 48, is to the same effect; and in *Rolle's Abr.,* also cited by Sergt. Williams, *Beecher's case* will again be found. By reference to the above cases, it will be seen that the absurd rule that a party, *benefitted by an error,* may reverse a judgment, owed its existence to the scrupulous care of the English judges to secure *to their lord the king* his fine or amercement, which long since was a mere matter of form, and which, in the principal case *William* v. *Gwyn,* was disregarded by the court, although the leading case, viz. *Beecher's case,* cited by sergeant Williams, was pressed upon their consideration.

*T. C. Peters,* for defendant in error. The justice erred in not calling the plaintiff on the return of the jury, and in receiving the verdict in his absence. 2 *R. S.* 244, § 100. The defendant had a right to sue out the *certiorari,* the language of the statute in reference to justices' judgment being, that "either party, thinking himself aggrieved, may remove the same, &c. 2 *R. S.* 255, § 170. The defendant was aggrieved because an erroneous judgment had been entered, which the plaintiff had a right to reverse at the expense of the defendant. The error here was by the *default of the court;* and though the judgment was for the advantage of the defend-

ALBANY,
Jan. 1835.

Hughes
v.
Stickney.

ant, being by the default of the court and not by his own act, he was entitled to sue out a *certiorari*. *Graham's Pr.* 787. If Hughes had desired to have got rid of the *certiorari,* he should have applied to the common pleas to quash it, or to stay proceedings upon it, instead of suing out a writ of error to remove a judgment which the common pleas were bound to render.

*By the Court,* NELSON, J.    It is perfectly clear, from the language of the statute, that the defendant below was not entitled to bring ths certiorari in this case.   "Either party, thinking himself aggrieved by such judgment, may remove it by certiorari." 2 *R. S.* 255, § 170.    That the party must in some way be injured by the judgment he seeks to reverse, is fairly implied from all the cases.    2 *Johns. R.* 8, 9.   6 *id.* 111.   7 *id.* 373.    *Archb. Br.* 230.    Thinking one's self aggrieved may be enough to bring the certiorari ; but success in the proceeding is a different thing.   Hughes brought the suit below against Stickney, and sought to recover for various charges of an account ; the defendant acted merely on the defensive.    He introduced no witnesses, and claimed nothing himself against the plaintiff.    The jury found a verdict for him ; they were called in the absence of the plaintiff ; and for this error, the defendant brought a certiorari and reversed his own judgment, and has subjected his adversary to upwards of twenty dollars costs.

The judgment was undoubtedly erroneous, and the plaintiff could have reversed it, as *he* was aggrieved ; but I am not aware of any rule or practice that will permit the defendant to volunteer to right him. I think he should continue to suffer, unless he chooses to move himself in the matter.

A party may reverse his own judgment *when he is aggrieved by it,* as he sometimes may be ; and in England at one time he might do so, although not aggrieved, for a reason since exploded, that the king would lose his fine, and the reversal was for his benefit. *Beecher* v. *Shirley, Cro. Jac.* 211. It was expressly decided in *William* v. *Gwyn,* 2 *Saund.* 46, that a party shall not reverse his own judgment, unless he shows the error is to his disadvantage. *See also* 14 *Johns. R.* 441.

The plaintiff in error might have quashed the certiorari; but the error appears on the record, and we cannot but see that the reversal of the judgment of the justice was wrong in the common pleas.

Judgment reversed.