Oldham, J. It is contended for the appellee that the appellants, by replying to the plea of the appellee, abandoned their motion to amend the writ. We cannot admit such to be the case. That is a rule of pleading, and does not apply to a motion like the present. The right of the plaintiffs to amend the writ in accordance with the ■facts set forth by their motion, and the accompanying affidavits, is fully established by authority. Our statute of amendments, Rev. Stat. ch. 116, sec. 112, is very broad and comprehensive. It provides that “the court in which any action may be pending, shall have power to amend any process, pleading or proceeding in sucli action, either in form or substance for the furtherance of justice, on such terms as may be just, at any time before final judgment rendered therein. In Haines v. McCormack, 5 Arks. R. 613, this court held that “if the writ bore teste upon a day, other than the true one, the plaintiff, by moving to amend the writ, should have been allowed the privilege.” See, also, Robinson v. Burleigh, 5 N. Hamp. Rep. 225. The defendant below, by going to trial upon the facts put in issue by the plea and replication, must be considered as having waived her demurrer. The plaintiffs sustained no injury in consequence of the court not determining the sufficiency of their replication in point of law; hence it is no ground for reversal. A judgment will not be reversed at the instance of a party who sustained no injury from the error. Overly v. Paine, 3 J. J. Marsh. 717. Sterrett v. Creed, 2 Hana 343. Trabue v. McKettreck, 4 Bibb 180. Hughes v. Stickney, 13 Wend. 280. The remaining question is whether the court properly overruled the plaintiffs’ motion for a new trial. A non-resident of the State is required by law, before he “shall institute his suit, to file in the office of the clerk of the Circuit Court in which the action is to be commenced, the obligation of some responsible person, being a resident of the State, by which he shall acknowledge himself bound to. pay all costs which may accrue in such action.” Rev. St. ch. 34, sec. 1. The question of fact in issue was when this suit was instituted. In Byrd et al. v. Caretal, 2 J. R. 342, it was held that “the time of suing out the writ was the commencement of the action; and also in Fowler v. Sharp, 15 J. R. 323. In Burdock v. Green, 18 J. R. 14, it was held that the issuing of the writ is the commencement of the suit in all cases where the time is material, as to save the statute of limitations. In Ross v. Luther, 4 Cow. R. 158, it was decided that the suit was not commenced until the actual delivery of the writ to the coroner. See, also, Society for propagating the Gospel v. Whitcomb, 2 N. Hamp. R. 227. Lowery v. Lawrence, 1 Caines R. 69. In this last case it was held, the declaration being filed before the writ issued, that the time of filing the declaration could not be considered the commencement of the suit, and had that fact been put in issue, it would have been an immaterial fact. Our Rev. St. ch. 116, sec. 1, provides that “suits at law may be commenced in any of the Circuit Courts of this State, by filing in the office of the clerk of such court, a declaration, petition or statement in writing, setting forth the plaintiff’s cause of action, and by the voluntary appearance of the defendant, or by filing such declaration, petition or statement in such office, and suing out.t,hereon, a writ of summons, &c.” Then the declaration and voluntary appearance of the defendant, or the declaration and suing out the writ, are necessary for the commencement of an action, and in the latter case the suit cannot be said to be commenced until the writ is actually sued out. The next enquiry in the present case is, when was the writ sued out? In Robinson v. Burleigh, 5 N. Hamp. R. 225, it was held that in general, the day of the teste of the writ is to be considered as the time of the commencement of the action. But whenever the true time is material it may be shown notwithstanding the teste of the writ. In Strafford Bank v. Cornell, New Hamp. 330, the same principle was held, and the court cited, in support of it, Johnson et al. v. Smith, 2 Burrows 966. Morris v. Pugh, 3 Burrows 1243. Walburgh v. Saltonstall, T. Jones 149. In Ross v. Luther, 4 Conn. R. 138, the writ was filled up some time and left with the witness to be issued, upon a certain event, parol evidence was received to establish, when the writ was placed in the officer’s hands, and the court held that the suit was not actually commenced until the delivery of the writ to the coroner. And it has been held, for some particular purposes, the service of the writ is the commencement of the suit. McDaniel v. Reed, 17 Ver. R. 674. In So. prop. Gos. v. Whitcomb, 2 N. Hamp. R. 227, the court say “The evidence of the true time the action is brought, presents a different question. The presumption on this subject is that the date of the writ is' the true time, when the action was brought. Yel. 71, note: 4 Mass. R. 263. “This,” continues the court, “is grounded on the probability of the fact, and is in analogy to the presumption which prevails as to the execution of notes, deeds, and other instruments. But in England, writs sued out in vacation are generally ante-dated to the preceding term; here they may be ante-dated to any time after fifteen days before the preceding term, and they may by mistake or design be either post-dated or ante-dated. Hence the presumption that the date is the true time the action was brought, is not a presumption de jure which cannot be rebutted, but is a presumption de facto', and the question may always be submitted to a jury, whether the action was not commenced either prior or subsequent to the date of the writ,” and the court cite in support of the doctrine thus stated, Yel. 70, note: Burr 960, 1242. 1 Bl. Rep. 320, ib. 439. We have a statute which requires the writ to be dated on the day that it issues; Rev. Rial. ch. 116, sec. 3; hence the presumption in this State is a presumption de jure and not defacto, and, therefore, a party will not be permitted to show that the writ bears date on a wrong day, except upon motion supported by affidavits to correct the date of the writ. Haines v. McCormick, 5 Ark. Rep. 613. In the present case the writ was filled out by the clerk, and withheld until he could see the attorney for the plaintiffs, who directed him not to issue the writ until a cost bond could be filed according to law. After the bond was filed, the clerk issued the writ by handing it to the sheriff, but neglected to insert the true date. We do not intend to say that an actual delivery of the writ to the officer is necessary for the commencement of the action, but admit that if the plaintiff should file his declaration, and should receive the writ himself, with the intention of delivering it to the officer, it would be sufficient. But in this case the clerk handed the writ to the officer, and until that time the suit was not instituted, and previous thereto a valid cost bond had been filed. The court should have permitted the plaintiff to amend this writ according to the facts. Reversed.