### In the matter of the appeals of NEWLAND and DANIELS.

Where an appeal, taken from an order of a county court, sitting as a court of probate, to a circuit court, has been heard by the latter on the merits, a judgment must be rendered therein, affirming or reversing, in whole or in part, the order appealed from, or making such other order as the county court ought to have made; and it is error for the circuit court to *dismiss* the appeal on the ground that no sufficient reason appears for reversing such order.

ERROR to the Circuit Court for *Rock* County.

The county court of Rock county, on petition of the administrator of one Sprague, ordered a sale of lands belonging to the estate of the deceased. From this order *Newland* and *Daniels* each appealed to the circuit court for that county, and that court made an order, in which, after stating that the cause had been brought on to trial, without a jury, by stipulation of the parties, and that the allegations and proofs of both parties had been duly heard and considered, and that it appeared that there were no sufficient grounds for reversing said order, it directed the appeal to be dismissed, with costs.

*G. W. Foster*, for plaintiffs in error, contended that in the trial of a case taken from the county court to the circuit court on appeal, the *reasons* assigned in the appeal are the *issues;* and that when the cause has been heard upon the merits, it cannot be *dismissed*, but must be determined by a judgment, affirming, reversing or modifying the order appealed from. 2. The order (so called) dismissing the appeal, being in fact a final adjudication of the rights of the parties, so far as that

court was concerned, was in reality a *judgment*, from which a writ of error properly lay, though not such a judgment as the law requires.

*H. K. Whiton, contra,* contended that an *order* of the circuit court could not be brought up for review by a writ of error.

Other points raised by counsel on both sides, not having been passed upon by the court, are here omitted.

*By the Court,* PAINE, J. The order of the circuit court dismissing the appeal from the county court, must be reversed. Such an order would have been proper if the appeal from the county court had not been properly perfected. But it was not dismissed for that reason. On the contrary, there was a hearing on the merits, and the judge gives as a reason for dismissing the appeal, the fact that he found no sufficient reason for reversing the order. If that was so, then the order should have been affirmed, and not the appeal dismissed. R. S., 1849, chap. 85, § 34. The question has occurred to us, whether the appellant can be said to be aggrieved by this order, or whether he must be assumed to be in as good a position as he would have been in, if the order of the county court had been affirmed. If he were to let the matter rest there, it would be immaterial to him which order was made. But with respect to pursuing the litigation further, we think the order dismissing the appeal places him in a wrong position. For he can hardly be held required or even authorized to make a bill of exceptions, presenting the whole merits of the appeal, for the mere purpose of determining whether it should be dismissed. The merits were immaterial for that purpose. And if his appeal was properly perfected, he was entitled to the judgment of the circuit court, either affirming or reversing the order appealed from, in whole or in part, or making such other order as the county court ought to have made. Then he could have sustained his rights by further appeal on the merits, if he saw fit.

The order is reversed, with costs, and the cause remanded for further proceedings.

The same order is made in the appeal of *Allen C. Daniels,* from a similar order of the circuit court in the same estate.