BETTS, administrator, etc. vs. SHOLTON.

*Practice: Appeal from probate to circuit court.*

1. On an appeal attempted to the circuit court from an order in probate, if due notice is not given to the appellee, nor a copy of the record and proceedings in probate filed in the circuit court, it is regular to affirm the order, and not to dismiss the appeal.

2. But an order of dismissal in such a case works no injury to the party who has attempted to appeal, and will not be reversed on his behalf.

APPEAL from the Circuit Court for *Pierce* County. The county court of said county having made an order July 27, 1868, appointing *Hiram R. Betts* administrator of the estate of George Betts, deceased, *Ann Sholton* immediately filed a written notice of appeal from said order, together with an appeal bond; and on the same day the county judge made an order requiring her to give due notice, with her reasons for the appeal, to said *Hiram R. Betts*, at least fourteen days before entering such appeal in the circuit court. R. S. ch.

117, § 26. In November, 1868, *Betts* moved the circuit court to dismiss the appeal in said cause on the grounds, 1. That the appellant had not prosecuted the appeal with due diligence; 2. That she had not served on him a notice of such appeal; 3. That she had not caused her appeal to be entered in said court, nor filed a certified copy of the record or proceedings appealed from, nor of the notice of appeal filed in the county court, nor the reasons for such appeal, together with evidence of filing the requisite bond, and that notice had not been given to him according to the order of the county court. This motion was founded on an affidavit showing the facts. The court dismissed "the appeal and all proceedings thereon;" and from this order the present appeal was taken by said *Ann Sholton.*

*White & Button,* for appellant, contended that, until a certified copy of the proceedings in the probate court, with proof of notice given to that court and to the opposite party, and of the filing of the appellant's bond, has been filed in the circuit court, the latter has no jurisdiction under the statute (R. S. ch. 117, §§ 24–28); but that, if the appellant fails to prosecute the appeal, the circuit court, upon proper evidence that such appeal has been taken, may, on motion of the appellee, affirm the order appealed from; and this is the only judgment it can render. Ch. 117, § 35. If the appellee had moved, on affidavit, to affirm, we could have prepared such defense as we were advised; and, if judgment of affirmance had been taken against us, could have appealed to this court from such judgment.

*P. V. Wise,* for respondent.

COLE, J. Sections 24 and 25, ch. 117, R. S., point out the steps necessary to be taken to perfect the appeal from an order of the county court sitting in probate. In this case it would seem, from the affidavit used in support of the motion to dismiss, that the ap-

pellant gave the proper notice, and filed the bond prescribed in those sections. The court likewise made an order that the appellant give notice of the appeal to the adverse party, as required by section 26. But the appellant neglected to give this notice, and failed to procure and file a copy of the record and proceedings appealed from, as required by section 27. Thereupon the circuit court dismissed the appeal, upon motion, because no return or certified copy of the proceedings had been filed in that court.

We suppose it is the more regular practice, where the appellant fails to prosecute the appeal with reasonable diligence, for the circuit court, upon evidence that the appeal was taken, and on motion of any person interested in the case, to affirm the judgment or order appealed from, as directed by section 35. But still we cannot see that the appellant has any reason to complain that the appeal was dismissed instead of the order being affirmed, as it might have been under this last section. The irregularity can work her no prejudice. And it is quite immaterial to her whether the order was affirmed or the appeal dismissed. Her rights are not injuriously affected by the dismissal, any more than they would be by an affirmance of the order. Why, therefore, should she complain of the irregularity, which causes no sort of disadvantage to her? We think she cannot ask for a reversal of the order of dismissal, unless that order be to her injury or prejudice. *Hughes v. Stickney*, 13 Wend. 280, and *Alling v. Shelton*, 16 Conn. 436. It is said that the appellant had a right to insist upon a judgment of affirmance by the circuit court, so that she might at once appeal from that judgment to this court. It is however very manifest, that, upon such an appeal to this court, the merits of the order made by the county court could not be inquired into, but merely the question whether the appellant had prosecuted her appeal with due diligence. And when it is assumed, as it must

be, that the circuit court should regularly have affirmed the order upon that ground, how would the appellant have been benefited by an appeal to this court? It seems to us very clear that she would not have been. And in this respect the case is distinguishable from that of *In re Newland*, 12 Wis. 490. There the circuit court, after a hearing upon the merits, dismissed the appeal because it found no sufficient reason for reversing the order appealed from. And it was held that the administrator had a right to complain of this order of dismissal, and to insist upon an order of affirmance; that, in respect to pursuing the litigation further, the order dismissing the appeal placed him in a wrong position. But no such reason applies here.

*By the Court.*—The order of the circuit court is affirmed.