### BIERSCHENK et al. v. STOKES.

(City Court of New York, General Term. November 27, 1893.)

1. GUARANTY—WHAT CONSTITUTES.
    In an action by a subcontractor for work done on defendant's building, it appeared that, during the progress of the work, defendant wrote plaintiff as follows: "By direction of S. & W., [the contractors,] and at the request of C., I hereby hold $2,700, which I hereby agree to pay you when the work * * * has been delivered and put in proper and workmanlike manner; * * * $2,500 of which is to be charged on my contract with S. & W. on account of their contract with C., and $200 to S. & W. on account of their contract with me, for your labor in putting said work in said place." Held, that such letter was a guaranty to pay the debt of C., and not an original obligation of defendant.

2. TRIAL—REOPENING CASE.
    Where defendant, after plaintiff has rested his case, moves to dismiss, it is within the discretion of the court to allow plaintiff to reopen the case.

Appeal from trial term.

Action by Philipp Bierschenk and another against William E. D. Stokes to recover money for work alleged to have been done by plaintiffs on defendant's houses. The complaint was dismissed, and plaintiffs appeal. Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Oscar Richter, for appellants.
William R. Martin, for respondent.

McCARTHY, J. This is an appeal from a judgment in favor of defendant and against plaintiffs, entered January 23, 1893, upon the dismissal of the complaint at trial term, with costs, and to review an interlocutory judgment of the general term of this court overruling the plaintiffs' demurrer to defendant's counterclaim on the 28th of December, 1892. The action is brought by plaintiffs, as copartners, to recover from defendant a balance of $350, claimed to be due for work and labor performed for and materials furnished to and at the request of the defendant between May 31 and September 30, 1891. The answer is a general denial of the allegations of the complaint and a counterclaim. The plaintiffs demurred to the counterclaim, and the demurrer was sustained at special term. An appeal was taken to the general term, and the order was reversed, and demurrer overruled. An appeal was taken to the general term of the court of common pleas by plaintiffs, and the appeal was dismissed, and an interlocutory judgment ordered to be

entered, which was done. 18 N. Y. Supp. 854. On the 19th of December, 1892, on motion of plaintiffs' attorney, an order was made by the general term of this court, based on the remittitur of the court of common pleas, reversing the order of the special term overruling plaintiffs' demurrer, with costs, and directing interlocutory judgment; and on December 28, 1892, interlocutory judgment was entered in accordance with said order, and directing final judgment to be entered if the terms were not complied with. No final judgment has ever been entered in accordance with this interlocutory judgment, and no reply has ever been served on defendant's counterclaim, and no proceeding or adjudication has been had regarding the counterclaim, and no judgment has been entered upon it. The action was tried on plaintiff's complaint and the answer, before Mr. Justice McGown and a jury, and resulted in a dismissal of the complaint at the close of plaintiffs' case. No trial of the counterclaim was had, and none was requested by either party.

At the trial the following agreements were introduced in evidence, (no evidence was given of performance:)

### "Exhibit B.

"New York, May 18th, 1891.

"Mess. Bierschenk & Co.—Gentlemen: In accordance with the conversation and agreement between Mr. Owen Cumisky, yourself, and myself, on Saturday last, and by direction of Mess. Squire & Whipple, and at the request of Mr. Cumisky, I hereby hold two thousand seven hundred dollars, ($2,700,) which I hereby agree to pay you when the work referred to in agreement or contract dated May 12, 1891, copy of which Mr. Cumisky has handed me, has been delivered and put in proper and workmanlike manner in twenty-one houses,—ten in 86th street and eleven in Seventy-Second street; twenty-five hundred dollars of which is to be charged on my account with Squire & Whipple, on account of their contract with Mr. Cumisky, and two hundred dollars to Mess. Squire & Whipple, on account of their contract with me, for your labor in putting said work in proper place.

"Yours, truly,　　　　　　　　　　[Signed]　W. E. D. Stokes.

"P. S. This letter covers your request."

### "Exhibit A.

"This agreement, made the twelfth day of May, one thousand eight hundred and ninety-one, between Owen Cumisky and Bierschenk & Co., witnesseth: Whereas, said Cumisky has a contract with Squire & Whipple to do the work and furnish the materials for the trimmings, etc., including the work herein mentioned, in twenty-one houses belonging to W. E. D. Stokes,—ten on Eighty-Sixth street, six on the north side of Seventy-Second street, and five on the south side of Seventy-Second street, New York,—and desires to subcontract a portion of said work to said Bierschenk & Co.: The said Bierschenk & Co. agree to furnish all the materials and do all the work for the hall, transoms, screens, foyer seats, and all other transoms and screens for said houses, and all the work shown on the plans and details of the said hall, transoms, screens, and foyer seats for said twenty-one houses, and have examined the said houses, and the plans and the details for the same, and the three sets of details: First, for the said ten houses; second, for said six houses; and, third, for the said five houses. The work for the said ten houses and the said six houses to have a little stain to match the other woodwork, and the said five houses on southeast corner of Seventy-Second street and West End avenue to have no stain; and to finish the whole work within ten days for first house from West End avenue and Eighty-Sixth street and south side, and third house north side from West End avenue, Seventy-Second street; all the other houses to be finished in six weeks from this date to the satisfaction of the said W. E. D. Stokes, at the price of twen-

ty-five hundred dollars, which said Cumisky, in the completion of the work, agrees may be deducted from the amounts coming to him from said Squire & Whipple on their existing contract; and said Cumisky agrees to give said Bierschenk & Co. written orders on said Squire & Whipple for any amount or amounts due, which orders said Bierschenk & Co. accept as payment without recourse to said Cumisky.

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.

"In the presence of W. E. D. Stokes.

"We agree to the above.

"May 15th, 1891.

Squire & Whipple.

"Owen Cumisky.

"Bierschenk & Co.

$ 700

"Received, N. Y., June 20th, 1891, from W. E. D. Stokes, seven hundred dollars on account of the within contract, and I hereby certify that all wages are paid to date, and all materials are paid for; and in consideration of the above statement this sum of seven hundred dollars is this day paid to me.

"June 20th, 1891.

Bierschenk & Co.

"Witness: ———."

$ 500
———
$1,200

"Received, N. Y., June 30, 1891, of W. E. D. Stokes, on account of the within contract, five hundred dollars, and I hereby certify that all wages are paid to date, and all materials are paid for; and in consideration of the above statement this sum of five hundred dollars is this day paid to me.           Bierschenk & Co.

"Witness: A. E. Gallup."

$ 300
———
$1,500

"Received, N. Y., July 18, 1891, of W. E. D. Stokes, on account of the within contract, three hundred dollars, and I hereby certify that all wages are paid to date, and all materials are paid for; and in consideration of the above statement this sum of three hundred dollars is this day paid to me.           Bierschenk & Co.

"Witness: A. E. Gallup."

$ 300
———
$1,800

"Received, N. Y., August 1, 1891, of W. E. D. Stokes, three hundred dollars on account of the within contract, and I hereby certify that all wages are paid to date, and all materials are paid for; and in consideration of the above statement this sum of three hundred dollars is this day paid to me.           Bierschenk & Co.

"Witness: A. E. Gallup."

$ 200
———
$2,000

"Received, N. Y., August 15th, 1891, of W. E. D. Stokes, two hundred dollars on account of the within contract. I hereby certify that all wages are paid to date, and all materials paid for; and in consideration of the above statement this sum of two hundred dollars is this day paid to me.           Bierschenk & Co."

$ 250
———
$2,250

"Received, New York, August 28th, 1891, of W. E. D. Stokes, two hundred and fifty dollars on account of the within contract, and I hereby certify that all wages are paid to date, and all materials are paid for; and in consideration of this statement the said sum of two hundred and fifty dollars in this day paid to me.

"Bierschenk & Co."

$ 200
———
$2,450

"Received, N. Y., September 12th, 1891, of W. E. D. Stokes, two hundred dollars on account of the within contract; and I hereby certify that all wages are paid to date, and all materials are paid for; and in consideration of the above statement the said sum of two hundred dollars is this day paid to us."

We think that Exhibit B was clearly a guaranty to pay the debt of Cumisky, and not an original obligation of the defendant. It was merely certifying that he held so much money belonging to

Cumisky on the completion of the contract, and that by consent of Cumisky, upon the completion of plaintiffs' portion contract with Cumisky, the defendant would pay this debt with the consent of Cumisky. Besides, as the case stood at the dismissal, there was no evidence of performance. Even if the first ground was not sufficient on which to grant a dismissal, certainly the failure of proof of performance was. The plaintiffs having rested their case, and the defendant having moved to dismiss on the grounds stated, it was within the discretion of the court to allow the plaintiffs to reopen the case, and his refusal then to allow plaintiffs leave to prove that the work specified was performed was not error. No cause of action had been proved against the defendant, and that was sufficient to dismiss the complaint. We find no error on the part of the trial justice, and the judgment must therefore be affirmed, with costs. All concur.