THE

# New York Supplement.

## VOLUME 28.

(7 Misc. Rep. 692.)

### BIERSHENK et al. v. STOKES.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

APPEAL—PARTY AGGRIEVED.

Where an interlocutory judgment is entered, overruling a demurrer to a counterclaim, and on the trial defendant abandons his counterclaim, and final judgment is entered for dismissal of the complaint only, plaintiff is not aggrieved by the interlocutory judgment.

Appeal from city court, general term.

Action by Philip Biershenk and others against William E. D. Stokes to recover for work, labor, and services and materials alleged to have been rendered and furnished at defendant's request. From a judgment of the city court (26 N. Y. Supp. 88) affirming a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Henry Cooper, for appellants.
Ernest Hall, for respondent.

BISCHOFF, J. The complaint was for work, labor, and services performed, and materials furnished, at defendant's request, and the answer, besides generally denying the allegations of the complaint, interposed as a counterclaim a claim for damages alleged to have accrued to defendant out of plaintiffs' unauthorized filing of a notice of lien claimed pursuant to the provisions of the mechanic's lien law. Laws 1885, c. 342. A demurrer to the counterclaim was sustained at special term, but, on appeal to the general term of the court below, was overruled. Defendant thereupon caused final judgment in his favor to be entered upon the decision of the general term. Upon appeal to this court that judgment was reversed as unauthorized, the proper judgment upon a decision overruling a demurrer to part of an answer being an interlocutory one. Biershenk v. Stokes (Com. Pl. N. Y.) 18 N. Y. Supp. 854. Pursuant to the directions in the judgment of this court, an interlocutory judgment overruling the demurrer, and granting plaintiffs leave to reply to

the counterclaim on payment of costs, was thereupon entered at general term of the court below. With the conditions of the leave granted them, plaintiffs never complied, and no reply to the counterclaim was ever served, so that, at the time when this action was reached for trial in the court below, the counterclaim, assuming it to have been valid as such, stood admitted, except as to the amount of defendant's alleged damages. On the trial it appeared unchallenged (and from evidence which plaintiffs had themselves adduced) that the work, labor, and services, and materials for which they sought to recover in this action were performed and furnished by them under a contract in writing which they had made therefor with one Owen Cumiskey, a subcontractor of Squire & Whipple, with whom the defendant had contracted for the construction of certain buildings. It further appeared from plaintiffs' own showing, and from documentary evidence adduced by them, that the only contract they had with the defendant was one by which the latter had agreed to withhold $2,700 of the amount which would accrue to Squire & Whipple under his contract with them, and to apply the sum so to be withheld towards the payment of plaintiffs' claim against Cumiskey upon completion of the work undertaken by the former. When plaintiffs rested, defendant's counsel moved that the complaint be dismissed for a failure of proof, and because of a fatal variance between the complaint and the proof. The trial justice, intimating his concurrence in the views expressed by defendant's counsel, thereupon offered to allow plaintiffs to withdraw a juror and to apply for an amendment of the complaint. Plaintiffs' counsel, however, without asking for an amendment of the complaint to conform to the proof, declined to avail himself of the offer made. Thereupon the complaint was dismissed. Judgment for dismissal of the complaint was entered in defendant's favor, from which plaintiffs appealed to the general term of the court below, where it was affirmed (26 N. Y. Supp. 88), and, from the judgment of affirmance, plaintiffs have again appealed to this court.

Observing the rule that the recovery must in every case be secundum allegata et probata (Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698), it is indisputable that the ruling of the trial court in granting the motion of defendant's counsel for dismissal of the complaint was correct. The cause of action which appeared from the evidence was widely different from the cause of action alleged in the complaint, and was susceptible of widely different defenses. There was, therefore, not only a variance between the complaint and the proof, and an entire failure of proof, but the cause of action alleged was disproved. Arnold v. Angell, 62 N. Y. 508. Nor can appellants, on this appeal, secure a review of the interlocutory judgment of the general term of the court below, which overruled their demurrer to defendant's counterclaim. Section 3192 of the Code of Civil Procedure provides that section 1294 shall be applicable to appeals from the city court to this court, and section 1294 confers the right of appeal only upon a party or parties "aggrieved." How can the appellants be said on this appeal to be

"aggrieved" by the interlocutory judgment? Presumably acting upon the suggestion of this court, on the occasion of the first appeal, that the facts relied on in the answer do not constitute a proper counterclaim in this action, defendant abandoned his counterclaim on the trial. No proof of his alleged damages was made or offered on the trial, and no part of the relief awarded to defendant by the interlocutory judgment is included in the judgment appealed from. By the abandonment of his counterclaim on the trial, and the entry of final judgment for dismissal of the complaint only, defendant has waived whatever rights were secured to him by the interlocutory judgment. Appellants have, therefore, no cause for complaint. To constitute error for which a judgment will be reversed, it must appear that the error operated to the appealing party's prejudice or disadvantage. In so far as the judgment appealed from omits all award to defendant upon his counterclaim it is in appellants' favor. Hughes v. Stickey, 13 Wend. 280; Idley v. Bowen, 11 Wend. 227; Reid v. Banderheyden, 5 Cow. 719; Hall v. Brooks, 89 N. Y. 33; Steele v. White, 2 Paige, 478; Kellett v. Rathbun, 4 Paige, 102; Kelly v. Israel, 11 Paige, 147; Hackley v. Hope, *43 N. Y. 123; Bush v. Bank, 48 N. Y. 659. Judgment affirmed, with costs. All concur.