(10 Misc. Rep. 180.)

### HUGHES v. HUGHES et al.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

1. APPEAL—FROM JUDGMENT ONLY—REVIEW OF EVIDENCE.
    Where an appeal is taken from a judgment only, the weight of evidence will not be considered.

2. EJECTMENT—PROOF UNDER GENERAL DENIAL.
    Defendant may show, under general denial, that the deed under which plaintiff claimed was void because, at the time it was made, defendant was in possession of the land, claiming title adverse to plaintiff's grantor. (3 Rev. St. [7th Ed.] p. 2196, § 147.)

Appeal from trial term.

Action by Joseph Hughes against Henry Hughes, impleaded with David M. Koehler, Peter Engle, and Eugene Conran, to recover possession of land. The complaint alleged exclusive seisin of the plaintiff in fee simple, and wrongful entry and detention of possession by the defendant. The answer denied the allegations of the complaint, and for a further defense asserted that the defendant is the owner in fee simple of an undivided one-eighth of the premises, and in possession as tenant in common with the plaintiff, the derivation of the defendant's alleged title to such one-eighth being specifically pleaded. Judgment was entered on a verdict in favor of plaintiff for exclusive possession of the land, and defendant Hughes appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

John J. Gleason, for appellant.

Edw. W. S. Johnston, for respondent.

BISCHOFF, J. The notice indicates that the appeal is intended to be taken from the judgment only. Hence we are not to inquire into the weight of the evidence, but to confine our review to the exceptions taken to the rulings of the trial court before the verdict was rendered. Code Civ. Proc. §§ 992, 994, 995, 1346; Boos v. Insurance Co., 64 N. Y. 236; Matthews v. Meyberg, 63 N. Y. 656. From the evidence adduced for the plaintiff, it appeared that on November 4, 1874, by deed dated and recorded on that day, the executors of Thomas Kivlen, deceased, conveyed the premises described in the complaint to Lewis Johnston; that Johnston, by lease dated November 4, 1874, and recorded November 15, 1874, demised the premises to William Hughes, the tenant in possession, for 5 years and 5½ months, with a privilege of 10 years' renewal from May 1, 1880; that thereafter Johnston conveyed the premises, subject to the lease, to Mary C. Powers, the wife of William P. Powers,

by deed dated November 5, 1874, and recorded November 12, 1874; that Mary C. Powers, by deed dated May 1, 1875, and recorded three days later, conveyed to Catharine Barrett, again subject to the lease to William Hughes. It is from this period that the divergence in the claim of title by the respective parties to this action begins. For the plaintiff it further appeared that by deed dated May 20, 1875, and recorded May 25, 1875, Catharine Barrett conveyed the premises to Bridget Barrett, subject to the lease to William Hughes; that Bridget Barrett died in February, 1878 or 1879, intestate, leaving, her surviving, her husband, Michael, who died in August, 1881, a son, Michael, a daughter, Delia Dugan, and six grandchildren, Irene Florence Marian, Julia Therese, Lavinia, John Joseph, Emma, and Mary Kate Barrett, the children of a deceased son, John Barrett; that Emma and Mary Kate Barrett died intestate and without issue, leaving their three sisters and brother surviving, as their heirs at law; that on June 25, 1891, by deed of that date, and recorded August 11, 1891, Michael Barrett, the son of Bridget, conveyed his interest to the plaintiff; that by deed of like date and record Delia Dugan, the daughter of Bridget Barrett, and Irene Florence Marian Barrett and Julia Therese Barrett, two of the surviving grandchildren of said Bridget Barrett, conveyed their respective interests, also to the plaintiff; that on behalf of Lavinia Barrett and John Joseph Barrett, who were infants at the time, proceedings were instituted in the supreme court, pursuant to the statute for such cases made and provided, for a sale of their interests; and that these proceedings culminated in a sale and conveyance of the interests of the infants to the plaintiff by deed dated and recorded September 22, 1891. From the testimony of witnesses called for the plaintiff it appeared that William Hughes, the tenant in possession, attorned to Bridget Barrett, and that the latter was in receipt of the rents which accrued under the lease from Johnston to William Hughes. The record title and possession being thus united in Bridget Barrett, the plaintiff's right to possession, as the grantee of her heirs at law, seems indisputable. By answer, however, the defendant appellant denied the plaintiff's seisin and right to possession. He further asserted that by a deed dated May 3, 1875, 17 days before her deed to Bridget Barrett, and recorded November 6, 1877, about 2½ years after the record of the last-mentioned deed, Catharine Barrett conveyed the premises in question to William P. Powers; that Powers died, leaving a last will and testament, by which he devised his real property in equal shares to Joseph Hughes, the plaintiff, and William Hughes, a brother of the plaintiff and the defendant appellant; that thereafter said William Hughes died intestate, leaving, him surviving, as his heirs at law, the plaintiff, the defendant appellant, Susan Riordan, a sister, and Michael William Hughes and Mary C. Adams, the children of a deceased brother, Michael Hughes. As such heir at law of William Hughes, the defendant appellant claimed to be entitled to one undivided one-eighth of the premises, and to be in possession as tenant in common with the plaintiff.

The exceptions specially urged and argued upon this appeal may be grouped together into two classes,—those relating to the exclusion of the alleged deed from Catharine Barrett to William P. Powers, the alleged will of William P. Powers, and of evidence tending to show Bridget Barrett's knowledge of the existence of the prior deed to Powers at the time of Catharine Barrett's deed to her; and those relating to the exclusion of evidence tending to show that at the time of the several conveyances to the plaintiff the premises were in the adverse possession of the defendant appellant, from which fact it would appear that the several conveyances to the plaintiff were not such in fact, because contrary to the statute, which provides that "every grant of lands shall be absolutely void, if at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor" (3 Rev. St. [Banks' Bros. 7th Ed.] p. 2196, § 147); and so that the plaintiff had failed to establish his title and right to possession.

Neither of the exceptions comprising the first-mentioned class presents error. Error is never presumed. To be available for reversal, it must appear from the record. Standard Oil Co. v. Triumph Ins. Co., 64 N. Y. 85; Tracey v. Altmyer, 46 N. Y. 598, 604; Appleby v. Bank, 62 N. Y. 12, 18; Carman v. Pultz, 21 N. Y. 547; Briant v. Trimmer, 47 N. Y. 96. By omitting from the record presented to us the papers, of the exclusion of which the defendant appellant seeks to predicate error, we are denied every opportunity for judging of their relevancy or materiality, or of their admissibility without proof of their due execution. We are unable, therefore, to determine that any error prejudicial to the defendant appellant was committed in the exclusion of those papers. Errors not prejudicial do not afford ground for reversal. Biershenk v. Stokes, 7 Misc. Rep. 692, 28 N. Y. Supp. 1, and cases there cited. For the like reason the record does not disclose that the testimony offered to show knowledge on the part of Bridget Barrett of an alleged prior deed to Powers related to relevant or material matter, or that the exclusion of the testimony operated to the defendant appellant's prejudice.

The second class of exceptions, however, presents error for which the judgment must be reversed. As already stated, it appeared from the testimony for the plaintiff that William Hughes was in possession of the premises as the tenant of Bridget Barrett. It likewise appeared from the testimony that the defendant appellant was associated in business, conducted upon the premises, with William Hughes, and that during the lifetime of the latter, and while he continued in possession, the defendant appellant succeeded to the business and possession. Furthermore, the plaintiff was permitted to introduce in evidence a paper executed by William Hughes only, and purporting to be a lease from him to the defendant appellant. From these facts an inference was that the defendant appellant entered into possession as tenant of the plaintiff's grantors, and so was within the rule which estops a tenant from disputing his land-

lord's title and right to possession. The court so ruled. The plaintiff was entitled to recovery of possession only upon the strength of his own title, not upon the failure of the defendant to prove title and right to possession in himself (Roberts v. Baumgarten, 110 N. Y. 380, 18 N. E. 96); and anything which tended to disprove the plaintiff's allegations of seisin and right to possession was admissible in evidence under a general denial of those allegations (Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740; O'Brien v. McCann, 58 N. Y. 373). It would have been competent to the defendant appellant to show that the instruments under which the plaintiff claimed to have derived title and right to possession were forgeries. Hence if, for other extraneous matter, the instruments purporting to be grants to the plaintiff were not such in fact, the defendant appellant was entitled to the admission of such matter in evidence. When, however, the defendant appellant offered himself as a witness in his own behalf to show that Powers was in possession of the premises during William Hughes' occupancy, and that neither Powers nor William Hughes nor the defendant appellant ever acknowledged Bridget Barrett's or the plaintiff's claim of title, but that they, and each of them, disputed the claim, and held possession of the premises adversely thereto, and under Catharine Barrett's alleged deed to Powers, his testimony was excluded under objection from the plaintiff's counsel regarding its relevancy, materiality, and competency. It nowhere appeared that the testimony offered and excluded related to a personal transaction or communication between the witness and a deceased person through whom he claimed to have derived title. Hence the witness was not disqualified under the provisions of section 829 of the Code of Civil Procedure. The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.