(14 Misc. Rep. 566.)

## WAMSLEY v. DARRAGH.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

1. APPEAL—MATTERS NOT APPARENT IN RECORD.
    Where evidence excluded below does not appear in the record, its relevancy will not be presumed.

2. TRIAL—OFFER OF PROOF—COMPETENT AND INCOMPETENT EVIDENCE.
    Where an offer to introduce oral testimony couples evidence which is admissible with that which is not, the whole offer must be excluded.

Appeal from city court, general term.

Action by William E. Wamsley against Thomas A. Darragh on a promissory note. From a judgment of the city court, affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Brooke & Brooke, for appellant.
Alex. S. Bacon, for respondent.

BISCHOFF, J. To an action by the indorsee of a promissory note, payable to the order of one Robert L. Darragh, against the maker, the defendant, after denying the fact of indorsement, as well as the plaintiff's title to and ownership thereof, answered that the note was indorsed in the name of the payee and transferred to the plaintiff by one Laura A. Darragh, who assumed, in that behalf, to act under a power of attorney which was executed by the payee while insane, and procured of him by means of undue influence and duress. The cause was tried before the justice, without a jury, at trial term of the court below, and resulted in a judgment for the plaintiff. Such judgment was affirmed at general term of the court below, and from the judgment of affirmance the defendant has appealed to this court.

Upon the trial the note was produced and conceded to be genuine. Furthermore, the fact of the indorsement in the payee's name, by Laura A. Darragh, was admitted, and the power of attorney under which the latter assumed to act received in evidence. This power of attorney was directed to Laura A. Darragh and Edgar Whitlock, but in terms authorized the persons last named jointly and singly "to indorse, either for collection or otherwise, any check, draft, bill of exchange, or promissory note drawn to bearer or to 'the order of the principal,' or indorsed payable to 'the principal or his order,' and to execute and deliver all proper and necessary instruments for the assignment or satisfaction of any and all mortgages held by

'the principal' on either real or personal estate, or of other evidence of indebtedness." This was ample evidence of authority in Laura A. Darragh, without Whitlock's joinder, to indorse and transfer the note in suit, and the note and indorsement each imported a sufficient consideration. Abb. Tr. Ev. pp. 403, 413. The defendant's attitude conceded his refusal to pay the note, and demand of payment of a promissory note is not a condition precedent to a right of recovery against the maker. 5 Am. & Eng. Enc. Law, p. 528z46, and cases collated in note 4. The plaintiff's right to the judgment rendered was, therefore, incontestable, in the absence of proof of a valid defense.

It seems that one non compos mentis is incapable, in law, of appointing an agent, and that such an appointment is void, and not voidable merely. Dexter v. Hall, 15 Wall. 9; Bunce v. Gallagher, 5 Blatchf. 481, 7 Am. Law Reg. (N. S.) 32, Fed. Cas. No. 2,133; Zouch v. Parsons, 3 Burrows, 1794, Ewell, Lead. Cas. 3; Fonda v. Van Horne, 15 Wend. 631; Fetrow v. Wiseman, 40 Ind. 148, Ewell, Lead. Cas. 22. Assuming, therefore, that the payee's insanity at the time of the execution and delivery of the power of attorney was available as a defense to this action, we must, notwithstanding, conclude that the judgment appealed from is unimpeached, since the record is destitute of evidence in support of the defense, and presents no valid exception to the exclusion of evidence. It was not contended, in the defendant's behalf, that the payee had ever been adjudged to be of unsound mind. Such an adjudication would have been conclusive of the fact with regard to all subsequent acts of the person declared to be incompetent, and prima facie evidence of the fact with regard to his acts done within the period during which he was adjudged to have been incompetent. 2 Black, Judgm. § 802; Hughes v. Jones, 116 N. Y. 67, 22 N. E. 446. The defendant, however, contented himself with offering in evidence (1) "a copy of the verified answer to petition for probate of an instrument purporting to be the last will and testament of said Robert L. Darragh, decedent, in proceedings now pending in the surrogate's court of the county of New York;" (2) "copies of record in court of common pleas in proceedings for commission in lunacy of person and estate of Robert L. Darragh, pending at the time of his decease;" and (3) "petition and affidavits in support of proceedings and application for commission in lunacy in court of common pleas, pending at time of death of Robert L. Darragh." The papers to which the several offers alluded do not appear in the record. Hence, we have no means of determining their relevancy or materiality. Hughes v. Hughes, 10 Misc. Rep. 180, 183, 30 N. Y. Supp. 937. And we may not presume error. Id. Again, the several offers comprehended matter which was so palpably hearsay that, even assuming its relevancy and materiality, its exclusion was imperative to avoid error. Lastly, the defendant offered "oral testimony * * * that Robert L. Darragh was of unsound mind, and mentally incompetent to make such power of attorney, and to prove the undue influence of the said Laura A. Darragh over and upon Robert L. Darragh at the

time of making the same." This testimony was likewise excluded, under objection and exception, as "irrelevant, incompetent, and immaterial." The vice of the offer was that it coupled evidence admissible under the assumption that the insanity of the payee was a valid defense with evidence which was inadmissible, since the procurement of the power of attorney by means of undue influence and duress was a defense available alone to the payee or his legal representatives. 6 Am. & Eng. Enc. Law, p. 90. The evidence having been in part properly rejected, no error is apparent from the ruling. Baylies, Tr. Prac. p. 203, and cases there collated.

The judgment should be affirmed, with costs. All concur.