(20 Misc. Rep. 369.)

### ORLANDO v. DEL PIANO et al.

(Supreme Court, Appellate Term. May 27, 1897.)

APPEAL—RECORD—RECITAL OF EVIDENCE.

　　Failure of appellant to have inserted in return of the trial justice the evidence necessary to establish the error relied on is not excused by the fact that no stenographer was present at the trial, and no notes of the evidence were taken either by the trial justice or by counsel.

Action by Vincenzo Orlando against Nicolo Del Piano and others, There was a judgment in favor of plaintiff, and defendants appealed. Plaintiff moves to dismiss the appeal for failure to procure the filing of the justice's return. Granted.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

C. E. Le Barbier, for the motion.

W. Rockwell, opposed.

McADAM, J. The motion came on to be heard April 26, 1897, and it was conceded that the return had not been filed; whereupon,

on application of the appellants, the disposition of the motion was postponed to April 29th, in order to enable them to procure the filing of the return in the meantime, that the appeal might be heard on the adjourned day. Upon the last-named day it appeared that the justice had on April 28th filed a return, in which it is stated that the action is for goods sold and delivered, and the answer a general denial, and that the trial resulted in a judgment in favor of the plaintiff for $26.16, and $4.50 costs. The justice further returned as follows:

"The stenographer being absent, I refused to try the case; but, upon the consent of counsel for both parties, the matter was tried before me, and judgment rendered upon the evidence taken. I do not now remember any part of the evidence given at the trial, no notes having been taken by me at the trial; consequently, have nothing in my possession to refresh my memory. The exhibits offered in evidence are hereunto annexed."

It was admitted by the respective counsel that neither had taken any notes of the evidence; so that no copy of the evidence could be furnished to the justice for his guidance, and they would have to rely entirely upon their memories for a statement of what occurred, respecting which they seem unable to agree.

The presumption is always in favor of the judgment, and, where a return or case on appeal does not contain the evidence, it will be inferred that the evidence warrants the judgment. Norton v. Matthews, 11 Misc. Rep. 711, 31 N. Y. Supp. 1131.

Baylies, in his work on New Trials, at page 174, says:

"An appellate court presumes nothing in favor of the party alleging error, and if compelled, through imperfection in the statement of facts contained in the appeal book, to resort to presumptions, will adopt such only as will sustain the judgment."

See, also, Carman v. Pultz, 21 N. Y. 547; Smith v. Newland, 9 Hun, 553, 554; Phillip v. Gallant, 62 N. Y. 256, 265; Tomlinson v. Mayor, 44 N. Y. 601; Hughes v. Hughes, 10 Misc. Rep. 180, 183, 30 N. Y. Supp. 937.

Hence the rule that an appellant, in order to prove error, must insert in his case, or cause to be inserted in the return, the evidence necessary to establish the error upon which he relies. The appellants having failed to observe this rule, they have not procured the return to be filed for which the adjournment was granted, and have not, therefore, excused the default which existed at the time of hearing the motion originally. It is unnecessary in the present instance to point out the remedy of an appellant where such a return is made, for it is sufficient for present purposes to hold that as the appellants were in default when the motion was heard, and have not in a satisfactory manner excused it, the motion must be granted. All concur.