(12 Misc. Rep. 83.)

### SHERWOOD v. CRANE.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

CONTRACTS—PROOF OF TERMS.

> On an issue as to whether the employment of plaintiff as an actress was for the run of a particular play, or was for an entire season, evidence that defendant's agent who engaged plaintiff engaged her for a particular play, stating, "This means a permanent thing for you in New York, from the opening until the balance of the season," and assured her that the play would not be a failure, and then stated the length of the season, is sufficient to sustain finding that the engagement was for the season.

Appeal from city court, general term.

Action by Grace Sherwood against William H. Crane. From a judgment of the city court (29 N. Y. Supp. 1149) affirming a judgment entered on a verdict in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Rose & Putzel, for appellant.

Howe & Hummel, for respondent.

DALY, C. J. The plaintiff claims damages for breach of contract of employment by the defendant, a theatrical manager, under which she was to perform at the Star Theatre in a play called "Brother Jonathan," the performances of which were to commence in the latter part of February, 1893, and to run until about June 1st, at a salary of $60 per week. The defense is that she was not employed for any particular period, but only for the run of the play, which lasted but six weeks, and that her employment was conditional upon her rehearsal of the part to the satisfaction of the author of the play and of the defendant. She was notified in February, during the rehearsals, that her services were not needed; and she remained out of employment thereafter for the whole term, except one week, in which she earned $50. The case was submitted to the jury, who found for the plaintiff in $910, being the whole amount claimed by her, after deducting the $50 earned by her.

Defendant concedes that there was a question of fact for the jury, upon the evidence, as to the terms of the contract, but claims error in the charge of the court as to what would constitute a contract for a definite period, as distinguished from an engagement for the run of the play. The court said: "I charge that if the jury believe the testimony of Miss Sherwood, namely, that Brooks told her that Crane, the defendant, made no mistakes, and that the

play would run until June 1st, that was the contract, and she is not limited to six weeks, but is entitled to recover for the full period." To this the defendant excepted. The defendant contends that the evidence shows that the plaintiff was engaged only for the run of the play, and that the statement by Brooks, the defendant's agent, who engaged her, that the play would run to June 1st, was mere opinion, and not a warranty that it would so continue. The testimony of plaintiff, on her direct examination, was: That Brooks said: "This means a permanent thing for you in New York from the opening until the balance of the season. I will give you $60 a week from the time we open until the balance of the season." That she said, "Suppose the play is a failure?" He said, "Crane does not produce failures." She said, "How long is the season?" He said, "We will open in three or four weeks, at the very latest, from January 30th, and it will extend to about June 1st." On cross-examination she was asked: "Q. I call your attention particularly to the conversation you had with Brooks the first time you met him, and I ask you the question whether or not it was not a fact that Brooks said to you, you were engaged for the run of the play? A. Yes. Q. That is it? A. Yes; and I asked him how long the run would be, and he told me about three weeks from January 30th, until about June 1st. Q. And that, he told you, would be the run of the play? A. Yes." And again: "A. My first conversation with him, I was engaged from the time I say until on or about June 1st. Q. For the run of the play? A. Yes; that is, the length of the run of the play. Q. And he told you, in his opinion, it would run to June 1st, about? A. Yes." From this testimony, if the jury believed it, there was no doubt that Brooks not only expressed an opinion that the play would run until June 1st, but had so much confidence in Mr. Crane's judgment of plays, and ability to run them as long as he pleased, that he was willing to and did contract with plaintiff that her engagement in this piece would last to that date. So that, while he engaged the plaintiff for the run of the play, he distinctly specified that run as extending to June 1st, and there was no error in the instruction of the court on that point. But, if there were a doubt as to the sense in which Brooks' statement as to the run of the piece and plaintiff's engagement are to be understood, defendant is not entitled to the benefit of that doubt; for it is manifest that from Brooks' declaration to plaintiff that "this means a permanent thing for you in New York from the opening until the balance of the season," and "I will give you $60 a week from the time we open until the balance of the season," together with his other statements, he must have supposed that the plaintiff understood he was contracting for the season, and this understanding constitutes the contract. "Where the language of a promisor may be understood in more senses than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the promisee." Hoffman v. Insurance Co., 32 N. Y. 405, citing Potter v. Insurance Co., 5 Hill, 149; Barlow v. Scott, 24 N. Y. 40. It is to be observed that defendant did not ask that any question with regard to plaintiff's understanding, or what defendant supposed

or had reason to suppose that understanding to be, should be submitted to the jury, but contented himself with an exception to the instruction quoted. The judgment should be affirmed, with costs. All concur.