(17 Misc. Rep. 141.)

RANSOM v. WHEELWRIGHT et al.

(Supreme Court, Appellate Term, First Department. May 25, 1896.)

1. CONTRACTS—ACTIONS ON—EVIDENCE.

Plaintiff was employed to sell defendants' goods for one year, on commission of 2½ per cent. on all sales "made directly to the purchaser by him," and 1½ per cent. on, all sales not made directly by him, but which should "be the result of his original sale or sales made by him directly." Near the end of the year, defendants wrote plaintiff that they could not renew the yearly engagement, but that they would allow the commission "agreed upon for last year upon any sales you may make and which we accept." No sales were made by plaintiff after the end of the year, but goods were sold by defendants to persons to whom plaintiff had made sales during the year of his employment, and plaintiff had no knowledge of such sales until he had inspected defendants' books. *Held*, that

plaintiff was not entitled to a 2½ per cent. commission on such sales, as they were not made directly by him.

2. SAME—QUESTION FOR JURY.

Defendants employed plaintiff for one year to sell their goods, on commission of 2½ per cent. on sales made "directly" by him, and 1½ per cent. on sales which were "the result of the original sale or sales made by him directly." At the end of the year, defendants notified plaintiff that they did not care to renew the yearly agreement, but that they would allow him the commissions "agreed upon for the last year for any sales you may make." *Held*, that whether sales made by defendants after the end of the year to persons to whom plaintiff had sold goods during the year of his employment were the result of plaintiff's original sales, so as to entitle him to a commission of 1½ per cent., was for the jury.

3. SAME—PERFORMANCE—RESCISSION BY PARTY.

A provision in a contract to pay commissions on all sales of defendants' goods made "directly" by plaintiff, and a certain other commission on such other sales as should be "considered" by defendants as the result of plaintiff's original sales, does not give defendants the right to arbitrarily determine the question.

Appeal from city court of New York, general term.

Action by Jonathan H. Ransom against John W. Wheelwright and others to recover commissions on sales of goods made by plaintiff. A judgment entered on a verdict in favor of plaintiff for $1,787.50 was affirmed by the city court (37 N. Y. Supp. 1022), and defendants appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Wilson & Wallis, for appellants.

Abram Kling, for respondent.

DALY, P. J. The contract of employment between the plaintiff and the defendants was made April 28, 1890, and provided that the plaintiff was to act as salesman for defendants, and to represent and sell their goods, under their instructions and limits in foreign countries, for one year from that date, and further provided:

"The said Jonathan H. Ransom, Jr., is to receive a commission of 2½ per cent. on all sales made directly to the purchaser by him. On all such sales not made directly by Mr. Ransom, but such as are considered by Wheelwright, Eldridge & Co. to be the result of his original sales, or sales made by him directly or indirectly, or purchases through a broker in this market on which a brokerage has to be paid, the said Ransom is to receive a commission of 1½ per cent. It is further agreed that Wheelwright, Eldridge & Co. shall use all diligence in determining the question as to whether or not such sales are the result directly or indirectly of Mr. Ransom's efforts on our behalf; but their decision, whatever it may be, is to be considered final and without appeal,"—and further provided: "The above agreement is to continue for one year."

In pursuance of this engagement, the plaintiff solicited trade for the defendants in various countries in Europe and South America; and, towards the end of the year for which he had been employed, the following letter from the defendants was sent to him at Buenos Ayres, after they had previously sent him a telegram of the same date, April 11, 1891, containing, among other matters, the sentence: "Cannot renew yearly engagement." The letter was as follows:

"Our Merrimac department to-day wired you in response to your order for 125 cases of Merrimac prints, and we added to the telegram as follows:

'Cannot renew yearly engagement.' Your engagement expires by limitation April 28; but, as there has been no correspondence on the subject, we thought best to state on the telegram, which we now confirm, so that there will be no misunderstanding. We shall cheerfully allow you the commission agreed upon for last year upon any sales you may make, and which we accept; but prefer not to make any engagement for any length of time, or to pay beyond commission for orders which you may send us. While your sales with us have been small, we know you have been industrious, and did what you could; but we trust your success has been greater in other lines. With many thanks for the attention you have given our goods, we remain," etc.

The plaintiff had an interview with the defendants at New York, on his return, at which it was agreed, according to his statement, that the new contract was subject to termination by either party at 60 days' notice. No sales were made by him personally after the first year, and he has been paid, concededly, commission upon all orders produced by him personally during that year. His claim in this action is for commission upon subsequent sales made by defendants to parties whose custom he obtained for the defendants during the first year of his service, and the question in the case is whether he was entitled to it under the terms of the letter last quoted.

The judge charged the jury that the plaintiff was entitled to recover a commission upon sales after July 1, 1891, only upon sales made by him personally or directly, or on orders sent by him to the defendants. The principal claim was for commission upon the sale of goods to Drabble Bros. & Co., amounting to sixty-five or seventy-five thousand dollars; and the judge charged the jury that, if that firm did purchase those goods by the direct efforts of the plaintiff, he would be entitled to a verdict for whatever that commission would amount to, as sales that were directly induced by his efforts with the firm. The trial court thus assumed that the plaintiff would only be entitled to recover for sales made directly by him, and that there was evidence of such sales. The record before us fails to disclose that the sales in dispute to that firm were made by the plaintiff personally or directly. On the contrary, it is clear that he did not even have any knowledge of such sales, except what he obtained subsequently from the defendants' books. On the other hand, there is ground for believing that such sales were the indirect result of plaintiff's introduction of the goods of the defendants to the firm of Drabble Bros. during the period of his active work for defendants' firm, in the first year of his employment. The verdict of the jury was for commission of 2½ per cent. as for sales made directly by the plaintiff; and, as there was no evidence to support such a verdict, the judgment must be reversed, and a new trial ordered.

There may arise upon a second trial the question whether the plaintiff may not be entitled to a commission of 1½ per cent. upon some of these sales, as being "the result of his original sales," or "the result directly or indirectly" of his efforts. The original contract, so far as its commission features are concerned, was substantially renewed and extended by the letter of April 11, 1891, which states:

"We shall cheerfully allow you the commission agreed upon for last year upon any sales you may make, and which we accept, but prefer not to make any engagement for any length of time, or to pay beyond commissions for orders which you may send us."

This language is far less precise and particular than that used in the original contract, but may be construed to cover the two classes of sales and orders provided for in the original writing. If there is any ambiguity in the defendant's letter, it is to be construed most favorably to the plaintiff, and to be received in the sense in which he understood it. "Where the language of a promisor may be understood in more senses than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the promisee." Hoffman v. Insurance Co., 32 N. Y. 405;. Potter v. Insurance Co., 5 Hill, 147; Barlow v. Scott, 24 N. Y. 40;. Sherwood v. Crane, 12 Misc. Rep. 83, 33 N. Y. Supp. 17. The letter refers to the agreement of the preceding year, and that agreement provides for two classes of sales made by the plaintiff,—those made directly to the purchaser by him, and those not made directly, but to be the result of his original sale or sales made by him directly or indirectly; and two grades of commissions were allowed for such sales. When the letter of renewal speaks in general terms of sales which the plaintiff may make, referring to the commission in the previous agreement, this general language should be held to cover all the sales mentioned in that agreement, and to assure to plaintiff both grades of commission. It will be for the jury to determine upon the new trial whether the sales in question were such as ought to have been considered by the defendants as the result of plaintiff's original sales to the parties, and upon which he should receive a commission of 1½ per cent.

It ought to be added that the clause in this agreement, "such as are considered by Wheelwright, Eldridge & Co. to be the result of his original sales," and "their decision, whatever it may be, is to be considered final and without appeal," does not give the defendants the right to arbitrarily or capriciously determine the question. As was said in Hummel v. Stern, 15 Misc. Rep. 27, 36 N. Y. Supp. 443, it cannot be presumed that the parties understood that the defendants were to be sole judges in their own cause. "Such satisfaction is not an arbitrary or capricious one. It has its measure by which it can be filled. That which the law shall say a contracting party ought, in reason, to be satisfied with, that the law will say he is satisfied with." City of Brooklyn v. Brooklyn City R. Co., 47 N. Y. 479. See, also, to the same effect, Boiler Co. v. Garden, 101 N. Y. 390, 4 N. E. 749, and People v. La Grange, 2 App. Div. 444, 37 N. Y. Supp. 991. In the present case, as in those cited, no question of the individual taste of the employer is involved or a different rule would, of course, obtain.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs of the appeal in this court and the city court, and of the former trial, to the appellant, to abide the event. All concur.