(19 Misc. Rep. 106.)

RANSOM v. WHEELWRIGHT et al.

(Supreme Court, Appellate Term, First Department.    January 25, 1897.)

APPEAL—MATTERS NOT APPARENT ON RECORD.
Error cannot be predicated on a refusal to admit letters in evidence, where the letters do not appear in the record.

Appeal from city court of New York, general term.

Action by Jonathan H. Ransom against John W. Wheelwright and others. From a judgment of the city court (42 N. Y. Supp. 1131) affirming a judgment entered on a verdict in favor of plaintiff for $1,837.37, defendants appeal.    Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William G. Wilson and Wilson & Wallis, for appellants.
Abram Kling, for respondent.

DALY, P. J.    Under a contract to act as salesman for the defendants, the plaintiff claimed a commission of 2½ per cent. on all sales made directly to the purchasers by him, and a commission of 1½ per cent. on such sales not made directly by the plaintiff, but such as were the result of his original sales, as well as upon all sales made by him indirectly; and the question at issue was whether he was entitled to any commission upon certain sales made to the firm of Drabble Bros., of Buenos Ayres, and others, and, if so, at what rate; and we held upon a former appeal in this case, upon the proofs as then presented to us, that the record failed to disclose that the sales in dispute to Drabble Bros. were made by the plaintiff personally or directly, but, on the other hand, that there was ground for believing that such sales were the indirect result of plaintiff's introduction of the goods to the firm of Drabble Bros., and that upon a second trial the question might arise whether he might not be entitled to a commission of 1½ per cent. upon some of such sales as being the "result of his original sales," or "the result, directly or indirectly, of his acts."    Ransom v. Wheelwright, 17 Misc. Rep. 141, 39 N. Y. Supp. 342.    A new trial was had and the chief dispute, as before, was whether certain orders received by the defendants from Drabble Bros. were procured by the direct efforts of the plaintiff, or were the result of his original sales to them.    He claimed that these orders were directly induced by him, and, in addition to the testimony given upon the former trial, stated that he wrote letters to his South American acquaintances and customers, announcing his continued connection with the defendants' firm,

and requesting orders to be sent to the house, as he was going on, the road, and could not attend to them. He also testified that he asked the defendants to send samples to such customers, and keep them posted in regard to prices, which they agreed to do; but, although he states that he wrote to Drabble Bros., among others, in South America, his letters to them were not offered in evidence. The proof, therefore, remained substantially the same as upon the first trial, and, if the jury believed that the orders received by defendants from Drabble Bros, and others were the result of plaintiff's original sales, or of his previous introduction, he was entitled to no more than $1\frac{1}{2}$ per cent. commission. The instruction to that effect, asked by the defendants, should have been granted.

The finding of the jury that the sales were made directly by the plaintiff was an erroneous application of the instructions of the court to the facts of the case. What they necessarily found was that the plaintiff was so connected with the sales, in aiding or inducing them by the introduction of defendants' goods to those customers through his original sales to them that he was the procuring, though not immediate, cause of such sales; and their verdict in his favor should have been for the lesser commission. This error, however, can be easily cured by a modification of the judgment.

The defendants offered their letters to the customers for the purpose of showing that the defendants brought about the sales, and as part of the res gestæ, and as showing the inducement that the defendants were offering to the customers to buy of them. These letters were ruled out on plaintiff's objection, and the defendants excepted. Defendants also offered the letters of the customers Drabble Bros. to the defendants in connection with the letters of the defendants as an entire correspondence, for the purpose of showing that the sales in question, on which commission was claimed, were made by direct correspondence between the defendants and Drabble Bros. The letters were excluded, and an exception was taken. The plaintiff objected to the letters of the defendants as being immaterial, irrelevant, and incompetent, as being declarations of defendants to third persons, and objected to the letters of Drabble Bros. as immaterial, and as not proven. Whether this correspondence was material or not, whether it referred to the sales upon which commission is claimed or not, we have no means of ascertaining from the record, since the letters are not printed in the case and no error is apparent, therefore, from their exclusion. Hughes v. Hughes, 10 Misc. Rep. 180, 30 N. Y. Supp. 937.

The other questions raised by appellant's brief have been disposed of by the decision upon the previous appeal. The judgment should be modified by reducing the amount of the recovery to $1,102.42, if the plaintiff, within 10 days, stipulate to consent to such reduction, in which case it will be affirmed for that amount, with costs of the trial, but without costs of the appeal in this court and the city court. If the plaintiff will not consent, the judgment will be reversed, and new trial ordered, with costs to appellant to abide the event. All concur.