(20 Misc. Rep. 86.)

### READING BRAID CO. v. STEWART et al.

(Supreme Court, Appellate Term. April 26, 1897.)

PARTNERSHIP—DISSOLUTION—NOTICE TO CREDITORS.

Notice of withdrawal by defendant from a firm is not shown to have been given to plaintiff before the sale of goods to the firm, where the only evidence to that effect is the testimony of an employé of the firm that he addressed a postal card to each of the creditors of the firm, of whom plaintiff was one, and gave them to the boy to mail, in the usual course of

business; and the testimony of the boy that he received a number of postal cards, that he believed that he mailed them, but was not sure, that, if he mailed any, he mailed all, but could not swear that he had mailed a postal card addressed to any particular individual.

Appeal from city court of New York, general term.

Action by the Reading Braid Company against John Stewart and Henry Sturm to recover the balance of $102.75 for goods sold and delivered. From an affirmance of a judgment in favor of plaintiff (43 N. Y. Supp. 1129), defendant Stewart appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

H. A. Sperry, for appellant.

Wilcox, Adams & Green (H. Green, of counsel), for respondent.

McADAM, J. The defendant Stewart and one Sturm carried on business as partners under the name of the Arlington Embroidery Works, and the action is to recover a balance due for goods sold and delivered to them between January 4 and March 16, 1895. Stewart alone defended, claiming that on February 23, 1895, he sold out his interest in the business to Sturm, and promptly gave notice of his retirement by mailing postal cards to all the creditors of the concern. The plaintiff contended that, notwithstanding Stewart's withdrawal from the firm, the Arlington Embroidery Works was run as before, the old signs remaining up, and the same employés conducting the business; that there was nothing to apprise it of the alleged change, and no notice of any devolution of interest had ever reached its officers. The appellant proved by one Mudge, an employé of the works, that Mudge had taken a list of the creditors from the books, and addressed a postal card to each, informing him of the change; that the plaintiff's name was on the list; and that the postal cards were addressed by Mudge, and given to the boy to mail in the regular course of business. The boy testified to receiving a number of postal cards to mail, and that he believed he had mailed them. He was not sure he had mailed any, but, if he had mailed any, he mailed all, for it was part of his business to mail letters. He could not swear positively, however, that he had mailed a postal card addressed to any particular individual. Three creditors of the concern were produced, and testified that they had received postal cards. The postal cards are not annexed to the case, so that we are ignorant of their contents, and we have no information, either from postal marks or the testimony, as to when the alleged mailing took place. The cards received by the other creditors were offered in evidence, and excluded by the trial judge. In their absence, we cannot say they would have proven anything to aid the defendant if they had been admitted; so that the exception to the refusal to admit the cards does not establish error which would warrant a reversal of the judgment. Ransom v. Wheelwright, 19 Misc. Rep. 106, 43 N. Y. Supp. 244.

The trial justice directed a verdict in favor of the plaintiff, to which the defendant excepted. The plaintiff was clearly entitled to a verdict for the amount of the account which had accrued to

February 23, 1895, and the only question is as to the account after that date. It is well settled that notice of dissolution is necessary to affect persons who have dealt with a firm; that one who withdraws must give notice to them, or he is liable for their subsequent dealings with the firm if they were ignorant of such withdrawal. Austin v. Holland, 69 N. Y. 571; Howell v. Adams, 68 N. Y. 314; Bank v. Herz, 89 N. Y. 629; Rolling-Mill Co. v. Harris, 124 N. Y. 280, 26 N. E. 541; Frankel v. Wathen, 58 Hun, 543, 12 N. Y. Supp. 591; 17 Am. & Eng. Enc. Law, 1122; Bates, Partn. §§ 611, 890; Colly. Partn. (6th Ed., by Wood) 163, note. Where persons join together and assume a name under which they do business and incur liabilities, they become jointly liable for any indebtedness thus incurred, and each continues liable so long as he remains a member, and until he notifies the creditors thereof of his withdrawal therefrom. Park v. Simmons, 10 Hun, 128. The appellant was, therefore, bound to prove that the cards were mailed prior to March 16, 1895, when the account closed; and there is not a particle of evidence, except by inference of the most unsatisfactory kind, as to when the mailing was done. If the defendant had proved that a postal card informing it of the alleged change in business had been mailed to the plaintiff about February 23, 1895, when Stewart claims to have sold out his interest, a presumption of notice would have been created. This the plaintiff would have been bound to rebut, and, if rebutted, the question whether the notice reached the plaintiff would have become one of fact for the jury. Austin v. Holland, supra; Beakes v. Da Cunha, 126 N. Y. 293, 27 N. E. 251; Hastings v. Insurance Co., 138 N. Y. 473, 34 N. E. 289. The defense of notice was one which the appellant, in order to limit his liability, was bound to establish; and, as the time of giving the notice was an all-important feature of the defense, he should have proved the date of the alleged mailing, that the issue raised might have gone to the jury for determination. In the absence of such proof, the trial justice properly directed a verdict in favor of plaintiff. As error cannot be presumed, but must appear by the record (Hughes v. Hughes, 10 Misc. Rep. 180, 183, 30 N. Y. Supp. 937), and it does not so appear, the judgment must be affirmed, with costs. All concur.