### AUGUST v. O'BRIEN et al.

(Supreme Court, Trial Term, New York County. December, 1899.)

PLEDGE—REDEMPTION.

    An owner of bonds that had been pledged to defendant as collateral transferred them to plaintiff, who informed defendant that he understood that the pledge could be redeemed on payment of a certain sum, and tendered such sum. Defendant did not inform plaintiff that such sum was insufficient, but accepted it, and then refused to deliver the bonds on the ground that the sum was insufficient to redeem them. *Held*, that plaintiff was entitled to recover possession of the bonds, or their value.

Action by Henrietta D. August against Miles M. O'Brien and others, receivers of the Madison Square Bank, to recover possession of certain bonds which the bank had agreed to deliver to plaintiff, or their value. Judgment for plaintiff.

Einstein & Townsend, for plaintiff.

Guggenheimer, Untermyer & Marshall, for defendants.

McADAM, J. The plaintiff, having, prior to the maturity of the $2,000 note made by Elias August, secured by four bonds as collateral, received a transfer of the bonds so held by the Madison Square Bank, notified the bank of the transfer, and made arrangements with the officers of the bank whereby she was to pay said note, and the bank was to recognize the transfer of the bonds by surrendering them to her on receiving such payment. Upon this understanding of the contract, the plaintiff paid the $2,000 to the bank in cash. The president took the money, and upon demand made for the bonds refused either to surrender them or give back the money. The plaintiff was

clearly entitled to the one or the other. She owed the bank nothing, and put up the $2,000 merely to obtain the bonds, which had previously been transferred to her. Assuming that the bank, according to the terms of the collateral note, had the right to retain the bonds until the other obligation held by it against Elias August was paid (Bank v. Strever, 18 N. Y. 502; Bank v. Hall, 83 N. Y. 338; Hutchinson v. Manhattan Co., 150 N. Y. 250, 44 N. E. 775; Gillet v. Bank, 160 N. Y. 549, 55 N. E. 292), it should have corrected her understanding of the arrangement by asserting this right, and declining to receive the plaintiff's money impressed with the condition upon which she paid it. The bank had no right to obtain the money of the plaintiff, a stranger to the original contract, and then refuse performance of the condition upon which the money was obtained. The law will not countenance this mode of doing business, nor allow any one to profit by sharp dealing, but will hold the bank to methods more conformable to fair dealing and proper business principles. It must be held that, if the bank had the right to retain the bonds until the other obligation of Mr. August was first paid, such right was, on principles of equitable estoppel, waived, as to the plaintiff, when it took her money with knowledge that the money was paid only in consideration of a relinquishment of all claim of the bank upon the bonds. The plaintiff certainly expected to get the bonds, and the bank officials took her money knowing that she parted with it upon the belief that the bonds would be surrendered, and that the bank had agreed to surrender them. By their conduct the bank officials assented to the plaintiff's understanding of the agreement, and cannot keep her money, and repudiate the understanding on which they knew she paid it. This would seem to accord with every notion of substantial justice and the principle that, "where the language of a promisor may be understood in more senses than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the promisee." Hoffman v. Insurance Co., 32 N. Y. 405; Potter v. Insurance Co., 5 Hill, 147, 149; Barlow v. Scott, 24 N. Y. 40; Sherwood v. Crane, 12 Misc. Rep. 83, 33 N. Y. Supp. 17; Ransom v. Wheelwright, 17 Misc. Rep., at page 144, 39 N. Y. Supp. 345; Smith v. Molleson, 148 N. Y. 241, 42 N. E. 669; Johnson v. Sirret, 153 N. Y. 59, 61, 46 N. E. 1035. The bank having subsequently sold the bonds for $3,640, and this sum having been agreed upon as the value thereof at the time, the plaintiff is entitled to judgment for that amount, with interest from the day of sale.

